IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 24, 2006

## STATE OF TENNESSEE v. DORRIS LEE MARKUM

**Appeal from the Circuit Court for Warren County**
**No. F-9361   Larry B. Stanley, Judge**

---

**No. M2004-02884-CCA-R3-CD - Filed February 17, 2006**

---

The appellant, Dorris Lee Markum, was indicted on two counts of aggravated burglary, two counts of arson and two counts of theft of property under five hundred dollars. After a jury trial, the appellant was convicted of all charges. As a result, he was sentenced as a Range II multiple offender to an effective sentence of twenty years. After the denial of a motion for new trial, the appellant appeals, arguing that the evidence was insufficient to support his arson convictions and that the trial court improperly instructed the jury on arson. For the following reasons, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL, and ROBERT W. WEDEMEYER, JJ., joined.

Michelle M. Benjamin, Winchester, Tennessee, for the appellant, Dorris Lee Markum

Paul G. Summers, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; and Dale Potter, District Attorney General, for the appellee, State of Tennessee.

## OPINION

On December 21, 2002, at around 8:30 p.m., Charlotte Helton called the authorities in Warren County to report a vehicle on fire at her home located at 649 Loss Crouch Road in McMinnville, Tennessee. Ms. Helton told the authorities that she saw a man and woman trying to move a van that was lodged on a retaining wall outside her home. When the two were unsuccessful in removing the van from the wall, the man set the van on fire. The van was engulfed in flames by the time the fire department arrived. The police later determined that the van was registered to the appellant's father. The tags on the car were issued to Beth Ivey, the woman trying to move the van.

Billy Joe Crouch, a volunteer fire marshal, responded to the call at Ms. Helton's residence. While there, he heard a smoke detector go off at a neighboring residence located at 721 Loss Crouch Road. The home belonged to Caressa Nokes, who came home from church to find her house on fire. When Ms. Nokes arrived home, the residence was filled with heavy smoke. After the smoke cleared, Ms. Nokes discovered that the home was damaged and had been burglarized. The front window and screen were broken and the front door was open. Both of Ms. Nokes's children's rooms were damaged in the fire and the drawers were pulled out of their dressers. A television set and VCR melted during the fire. Additionally, a mattress was completely destroyed in one of the bedrooms. In the kitchen, all four eyes on the stove were red and glowing, and there was a large pile of flaming debris on top of the stove. The perpetrator had tampered with the presents that were under the Christmas tree. Further, many items were missing from the Nokes's residence, including prescription medication, costume jewelry, knives, and a cigarette lighter engraved with the name "Caressa."

Elizabeth Jaco, a resident of 491 Loss Crouch Road, heard the commotion at Ms. Helton's residence and went to investigate. When she returned home about five minutes later, she found that someone had broken into her home and started a fire. The eyes on the stove were all turned on and oil from a kerosene lamp had been poured over the eyes and inside the oven. Ms. Jaco's home suffered smoke damage. The front window and a storm window were broken. Additionally, Ms. Jaco's home was burglarized, and her purse was stolen.

Officer Chad Martin of the Warren County Sheriff's Department was called to Ms. Helton's residence in response to the vehicle fire. When he arrived, he discovered a female passenger from the van, Beth Ivey, to be passed out and unresponsive, lying in the middle of the road. After Ms. Ivey regained consciousness, she refused treatment from an ambulance that was called to the scene. Ms. Ivey was placed in the back of a patrol car and cited for public drunkenness.

Officer Martin received a call about the fire at Ms. Jaco's residence while investigating the vehicle fire. As Martin and another officer got ready to investigate the fire at the Jaco residence, someone yelled out "there he goes" and indicated that the suspect was running across the street into a nearby wooded area. Officers Seth Webb and Cory Knowles saw Officer Martin begin pursuit of the suspect across a field and joined in the chase. Following the suspect's tracks, Officer Knowles located a purse across the street from the Jaco residence near a tree. Ms. Jaco later identified the purse as hers. Officer Webb found Ms. Nokes's camera within a few feet of Ms. Jaco's purse.

Officer Martin received a third call regarding another fire alarm on Loss Crouch Road. By that time, he had lost track of the suspect. A few minutes later, as Officer Martin was sitting next to a barn, he saw the suspect run across a field. Officer Martin called for backup and followed the suspect on foot. Officer Martin apprehended the appellant a few minutes later when the appellant tripped over a fence. The appellant identified himself as "Lee Markum." Officer Martin placed the appellant under arrest and searched him for weapons. Officer Martin recovered several pill bottles, knives, watches, a ring, a lighter and a camera case from the appellant's person. The items were later identified as belonging to the Nokes.

In March of 2003, the appellant was indicted by the Warren County Grand Jury with two counts of aggravated burglary, two counts of arson, two counts of theft under $500 and vandalism. After a jury trial, the appellant was convicted of two counts of aggravated burglary, two counts of arson and two counts of theft. The trial court sentenced the appellant to ten years for each count of aggravated burglary, ten years for each count of arson and eleven months and twenty-nine days for each count of theft. The trial court ordered that the ten-year sentence for aggravated burglary in count one run concurrently to the ten-year sentence for arson in count two. Likewise, the trial court ordered the ten-year sentence for aggravated burglary in count four to run concurrently to the ten-year sentence for arson in count five. The trial court ordered the eleven month, twenty-nine day sentences for theft to run concurrently to the aggravated burglary and arson sentences. The trial court ordered the two effective ten-year sentences to run consecutively to each other, for a total effective sentence of twenty years.

The appellant filed a motion for new trial, arguing that the evidence was insufficient to support the convictions, that the police did not examine his clothes to ascertain "the presence of any accelerates [sic] or smoke residue corroborating whether he was the perpetrator," and that the trial court erred in introducing photographs of the physical evidence rather than the actual items. The trial court denied the motion for new trial, and the appellant filed a timely notice of appeal. On appeal, the appellant presents the following issues: (1) whether the evidence was sufficient to support his arson convictions; and (2) whether the trial court failed to properly instruct the jury on arson.

<u>Analysis</u>

First, the appellant complains that the evidence was insufficient to establish that he committed arson. Specifically, the appellant contends that "circumstantial evidence linking him to the arson was insufficient to exclude every other reasonable theory or hypothesis except that of his guilt of the crimes." The State disagrees.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim.

App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d at 779. Questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990). Further, a conviction may be based entirely on circumstantial evidence when the facts are "so clearly interwoven and connected that the finger of guilt is pointed unerringly at the defendant and the defendant alone." State v. Smith, 868 S.W.2d 561, 569 (Tenn. 1993) (quoting State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985)). If the trier of fact can determine from the proof that all other reasonable theories except that of guilt are excluded, the evidence is sufficient.

Arson is committed by one who knowingly damages any structure by means of a fire without the consent of all persons who have a possessory, proprietary or security interest therein. Tenn. Code Ann. § 39-14-301(a)(1). Viewing the evidence in a light most favorable to the State, the evidence was more than sufficient to support the arson convictions. Immediately prior to the vehicle fire, the appellant was seen exiting his van beside Ms. Helton's home. The passenger in the van, Beth Ivey, was found passed out and unresponsive by the authorities. Immediately after that, two houses within close proximity were set on fire and burglarized in the same manner, the front windows were broken out, the houses were ransacked, the eyes of the stoves were turned on and debris was set on fire on top of the stoves. The appellant was seen leaving the crime scene shortly after the fires and was taken into custody while in possession of items stolen from the two houses that were burglarized. The evidence, as presented, points the finger of guilt unerringly at the appellant. The jury was amply justified in concluding that the appellant was guilty of two counts of arson. This issue is without merit.

## Jury Instructions on Arson

Next, the appellant contends that the trial court erred in instructing the jury on arson. Specifically, the appellant argues that the trial court should have instructed the jury on the lesser-included offense of "setting fire to personal property," as defined in Tennessee Code Annotated section 39-14-303.

This Court has previously determined that setting fire to personal property or land is not a lesser-included offense of arson. See State v. Gene Shelton Rucker, Jr., No. E2002-02101-CCA-R3-CD, 2004 WL 2827004, at *8-9 (Tenn. Crim. App., at Knoxville, Dec. 9, 2004), perm. app denied (Tenn. Mar. 21, 2005). This issue is without merit.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE