IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
May 9, 2006 Session

## STATE OF TENNESSEE v. RAYMOND EDWARD PEEBLES

**Appeal from the Criminal Court for Rutherford County**
**No. F-56196    Don R. Ash, Judge**

_____

**No. M2005-01130-CCA-R3-CD - Filed September 12, 2006**

_____

The Rutherford County Grand Jury indicted the defendant for sale of cocaine, less than 0.5 grams. Following a jury trial, the jury found the defendant guilty. The trial court sentenced the defendant to six years to be served at thirty-five percent as a Range II multiple offender. The defendant argues that the evidence was insufficient to support his conviction and that the trial court incorrectly allowed in testimony from two witnesses who were not qualified as experts. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Edward L. Holt, Jr., Murfreesboro, Tennessee, for the appellant, Raymond Edward Peebles.

Paul G. Summers, Attorney General and Reporter; C. Daniel Lins, Assistant Attorney General; Bill Whitesell, District Attorney General; and J. Paul Newman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Detective Shawn Jensen is an officer with the Narcotics Vice Division of the Murfreesboro Police Department. The Narcotics Vice Division conducts operations in which illegal drugs are bought from and sold to suspects. During a purchase, the informant's vehicle is used following a search and the installation of a video camera on the passenger-side seat. The informant is told not to let anyone in his car, not to buy from juveniles, and to call out the streets in the area where he is driving for safety reasons. An informant is also told to complete the transaction in view of the camera installed in the car. After the purchase of the drugs, the informant is instructed to keep them in his hand until he is back with the officers. The officer's responsibilities prior to a purchase

include photocopying the cash that is given to the informant. The officer also turns the video camera on and off.

On May 11, 2004, Martin Westerhuis was working as an undercover informant with Detective Shawn Jensen of the Murfreesboro Police Department. Mr. Westerhuis was paid by the Murfreesboro Police Department to make drug buys. On the date in question, he made several buys including, crack, marijuana, and crystal meth from different individuals. The police placed a videocamera in Mr. Westerhuis's car to record any drug purchases. Detective Jensen gave Mr. Westerhuis five $20 bills that had been previously photocopied. Mr Westerhuis drove down Sevier Street. On his second pass, the defendant made eye contact with Mr. Westerhuis. Mr. Westerhuis told the defendant that he was "looking for a hundred," which means that Mr. Westerhuis was looking for $100 worth of cocaine. The defendant told Mr. Westerhuis to turn around, drive up the street, and wait for him. The defendant then walked over to a gold-colored car. It is not unusual for the seller to keep the drugs at a second location so that if the police come, they do not have the drugs on their person. About two minutes later, the defendant returned and asked for the money. The defendant and Mr. Westerhuis had an argument. Eventually, the defendant put the cocaine in Mr. Westerhuis's hand, and then Mr. Westerhuis gave the defendant the money he had been given by Detective Jensen. While the informant drove to meet Detective Jensen, he kept the cocaine in his left hand in view of the camera.

The informant in the case <u>sub judice</u> followed his instructions. When he returned to the officer, the officer retrieved the videotape and video equipment. The officer then weighed and field tested the drugs. The sample tested positive for cocaine. Detective Jensen also photographed the drugs which were then sent to the Tennessee Bureau of Investigation ("TBI") laboratories for testing. The detective then watched the video, and although he recognized the subject, he could not remember the defendant's name.

The detective and another officer located the defendant's address. They drove by and saw the defendant outside. The next day, which was two days after the transaction with the informant, the officers went to the defendant's house to speak with him. While they were there, the defendant became belligerent, and they advised him that he was under arrest. The defendant was wearing an Atlanta Braves fishing hat. He had also worn this same hat during the transaction in question, as evidenced by the videotape. Detective Jensen fully authenticated all videotapes involved as evidence in the trial. The officer explained at trial that all purchases are monitored by the police for both the safety of the informant and for evidentiary purposes. After viewing the tape and making the arrest, Detective Jensen was able to identify the defendant as the suspect. During the transaction, Detective Jensen received information that the defendant retrieved the cocaine from a brown automobile. Detective Jensen also received the license plate number. Jensen testified that it is not abnormal for a third party to have possession of the illegal drugs while the seller completes a sale. The officers involved in the investigation were unable to locate the car or the third party.

On cross-examination, Detective Jensen admitted that he has known the defendant about eight years and has never known the defendant to be a drug seller or a drug user before this incident.

Detective Jensen also admitted that the defendant was not in possession of any money when he was arrested. Detective Jensen never recovered the money he copied and gave to Mr. Westerhuis.

Lieutenant Alvin Baird, a detective lieutenant with the Murfreesboro Police Department, testified that he is responsible for the transportation of evidence to the TBI Crime Lab. He was the individual who delivered the sample in question to the lab.

Agent John Scott, a forensic chemist with the TBI Crime Lab, testified he received the sample in question in May of 2004. He determined the weight of the sample to be 0.4 grams. Agent Scott also determined that the sample was cocaine base.

Officer Merrill Beene, an officer with the Murfreesboro Police Department, was working with Detective Jensen the night in question. He viewed the videotape of the transaction and recognized the defendant. He did not know the defendant's full name at the time, but found the defendant at his home. Officer Beene and Detective Jensen drove by the defendant's house in an effort to figure out his full name. They returned on May 13, 2004, and arrested the defendant. Officer Beene also identified the Atlanta Braves fishing hat.

The defendant testified at trial. He stated that he has never been a drug seller, but has been a drug user. He had been clean for a while. On the date in question, he had just received a letter from his employer terminating him because of his previous drug use. He went to the streets with the intention of obtaining some drugs. The informant asked the defendant if the defendant could sell him some drugs. The defendant replied that he did not sell himself, but knew people who did and would buy some drugs for the informant, if the defendant could have some. The informant agreed with the terms of the arrangement. The defendant obtained the drugs and brought them back to the informant. The informant did not give a portion of the cocaine to the defendant, so the defendant went back and bought some more for himself. The defendant stated at trial that a portion of the tape must be missing because the part of the transaction that he recounted is not on the tape. On cross-examination, the defendant identified himself on the videotape of the sale. He also admitted that he did give Mr. Westerhuis more than one cocaine rock and that Mr. Westerhuis gave him one hundred dollars for the cocaine.

In May of 2004, the Rutherford County Grand Jury indicted the defendant for selling under 0.5 grams of cocaine. The trial court held a jury trial on February 2, 2005. The defendant represented himself at trial, but did have "elbow counsel." At the conclusion of the trial, the jury found the defendant guilty as charged. The trial court sentenced the defendant to six years as a Range II multiple offender. A $2000 fine was assessed that was suspended. The trial court denied the defendant's motion for new trial. The defendant filed a timely notice of appeal.

## ANALYSIS

The defendant argues two issues on appeal: (1) the evidence was insufficient to support his conviction and (2) testimony of two witnesses was inadmissible because they were not qualified as experts.

## Sufficiency of the Evidence

The defendant argues that the evidence is insufficient to support his conviction because the amount of cocaine was so small and because he was not known to be involved with drug trafficking prior to this incident. The State argues that the evidence is sufficient to support his conviction. When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the state "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990).

Under Tennessee Code Annotated section 39-17-417, "it is an offense for a defendant to knowingly . . . sell a controlled substance." Tenn. Code Ann. § 39-17-417(a)(3). If the substance is cocaine and weighs less than 0.5 grams, it is a C felony. Tenn. Code Ann. § 39-17-417(b)(2)(A).

When the evidence, including the defendant's own testimony, is taken in a light most favorable to the State the summary is as follows: the informant told the defendant that he was looking for $100 worth of cocaine. The defendant walked over to a car and returned with more than one rock of cocaine. He gave the cocaine rocks to the informant in exchange for $100. In addition to the witness testimony, this transaction was also captured on videotape which was authenticated by Detective Jensen and entered into evidence. Detective Jensen weighed the cocaine after the informant brought it to him. The cocaine weighed 0.4 grams. It is clear that this transaction

-4-

constituted a sale and that the cocaine weighed less than 0.5 grams. The fact that the defendant had not previously been involved in selling drugs and that the amount of cocaine was small does not negate the fact that the transaction was indeed a sale of cocaine.

We conclude that there was ample evidence from which the trier of fact could conclude that the defendant sold less than 0.5 grams of cocaine to the informant.

Therefore, this issue is without merit.

## Expert Witnesses

The defendant also argues that the trial court should not have permitted Mr. Westerhuis and Detective Jensen to testify regarding the practices of street level drug trafficking without being qualified as expert witnesses. The defendant specifically points to Detective Jensen's testimony regarding a third person holding illegal substances for a drug seller, and Mr. Westerhuis's description of a drug seller attempting to make eye contact with people while potential buyers are circling an area and a third person holding the illegal substances. The State argues that this issue is waived because the defendant failed to contemporaneously object or to include it in his motion for new trial.

Ordinarily, the defendant's issue would be considered waived because he failed to make a contemporaneous objection during trial and failed to raise the issue in a motion for new trial. See Tenn. R. App. P. 36(a); Tenn. R. App. P. 3(e). When an issue is raised for the first time on appeal, it is typically waived. State v. Alvarado, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996). However, we may address the issue in the event there was plain error on the part of the trial court. State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2000). Thus, if this Court is to review the claims of improper expert witness testimony, we must do so through the process of "plain error" review embodied in Tennessee Rule of Criminal Procedure 52(b), which provides:

> An error which has affected the substantial rights of an accused may be noticed at any time, even though not raised in the motion for a new trial or assigned as error on appeal, in the discretion of the appellate court where necessary to do substantial justice.

This rule by its terms allows plain error review only where there is a failure to allege error in the new trial motion or where the error is not raised before the appellate court. Nevertheless the rule has been interpreted by the appellate courts to allow appellate review under some circumstances in the absence of a contemporaneous objection as well.

In order to review an issue under the plain error doctrine, five factors must be present: (1) the record must clearly establish what occurred in the trial court; (2) a clear and unequivocal rule of law must have been breached; (3) a substantial right of the defendant must have been adversely affected;

(4) the accused did not waive the issue for tactical reasons; and (5) consideration of the error is necessary to do substantial justice. See Smith, 24 S.W.3d at 282-83; State v. Adkisson, 899 S.W.2d 626, 641 (Tenn. Crim. App.1994); see also Tenn. R. Crim. P. 52(b). For a "substantial right" of the accused to have been affected, the error must have prejudiced the appellant. In other words, it must have affected the outcome of the trial court proceedings. United States v. Olano, 507 U.S. 725, 732-37 (1993) (analyzing the substantially similar Federal Rule of Criminal Procedure 52(b)); Adkisson, 899 S.W.2d at 642. This is the same type of inquiry as the harmless error analysis under Tennessee Rule of Appellate Procedure 36(b), but the appellant bears the burden of persuasion with respect to plain error claims. Olano, 507 U.S. at 732-37.

We first point out that the defendant makes no mention in his brief that there was no contemporaneous objection or inclusion in the motion for new trial. He also does not ask us to review this issue under plain error.

In any event, we have concluded that we are unable to review this issue under the plain error doctrine because the defendant is unable to show that all five factors are present. As part of the plain error doctrine, the defendant must show that a substantial right was adversely affected. In Olano, the United States Supreme Court stated that this factor means that the outcome of the trial must have been affected. The evidence of the defendant's guilt is so overwhelming that it is unlikely that the challenged testimony, even if there was error in its admittance, would have affected the outcome of the trial. As we stated above, it is clear that the defendant handed the informant cocaine rocks and that the informant handed the defendant $100. This transaction was also recorded on videotape, which was in turn presented to the jury. The fact that Mr. Westerhuis made eye contact with the defendant or that a third person may hold drugs for a seller is inconsequential in light of video evidence of the transaction. In addition, the defendant in his cross-examination of Detective Jensen specifically asked whether it was unusual for a third person to hold the drugs and the seller to go get them from the third person.

Because, we find that there was no plain error, this issue has been waived.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE