# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs November 2,1010

## STATE OF TENNESSEE v. TERRY WAYNE ROBINSON

**Appeal from the Circuit Court for Madison County**
**No. 09-146   Donald Allen, Judge**

---

**No. W2010-00358-CCA-R3-CD   -   Filed December 23, 2010**

---

Appellant, Terry Wayne Robinson, was indicted by the Madison County Grand Jury for driving under the influence ("DUI") and DUI seventh offense. After a jury trial, Appellant was found guilty of DUI. Appellant pled guilty to DUI, seventh offense. The trial court merged the convictions and sentenced Appellant to four years as a Range II, multiple offender. After the denial of a motion for new trial, Appellant has appealed. Appellant argues on appeal that the evidence was insufficient to support the conviction for DUI. After a review of the record, we determine that the evidence was sufficient to support Appellant's conviction. Accordingly, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J. and JOHN EVERETT WILLIAMS, J., JOINED.

Gregory D. Gookin, Assistant Public Defender, for the appellant, Terry Wayne Robinson.

Robert E. Cooper, Jr., Attorney General and Reporter, Rachel E. Willis, Assistant Attorney General; Jerry Woodall, District Attorney General, and Anna Cash, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On October 11, 2008, Appellant was found "slumped over" behind the wheel of a red pickup truck at the intersection of Jackson and Whitehall in Jackson, Tennessee. Jackson Police Officer George Smith, accompanied by Officer Samuel Gilley, found Appellant

unresponsive in the truck after receiving a call from the employees of a nearby convenience store that the pickup had been parked illegally on the side of the road "for some time."

The officers approached the truck and knocked on the windows. Getting no response from Appellant, Officer Smith opened the door and shook Appellant. There was a strong odor of alcohol emanating from the inside of the truck. Appellant "kind of came to" after being shaken "quite a bit" by the officer. Appellant stepped out of the truck. He was very unsteady on his feet. Appellant informed the officers that he had been drinking since 3:00 a.m. Appellant was discovered by the officers sometime between 2:00 and 3:00 p.m. Appellant's eyes were described as "obviously bloodshot" and his speech was "thick tongued." Appellant refused to perform any field sobriety tasks and refused to consent to a blood alcohol test. According to Officer Smith, he had "no doubt" that Appellant was drunk.

Appellant was arrested for DUI and later indicted by the Madison County Grand Jury for DUI and DUI, seventh offense. At trial, Appellant testified that he had worked late the night before his arrest helping his brother-in-law build a shed. Appellant stated that he went to bed around 1:00 a.m. and then got up around 7:00 a.m. to work on a roofing job. Appellant claimed that he fell asleep on the side of the road in the truck while he was waiting on his cousin to return with a part to repair the truck. Appellant stated that, the next thing he knew, officers were waking him up. Appellant denied telling the officers that he was drinking. Instead, he claimed that he refused the tests because he was "irritated."

At the conclusion of the proof, the jury convicted Appellant of DUI. After being convicted, Appellant pled guilty to DUI, seventh offense. At a sentencing hearing, the trial court merged the convictions and sentenced Appellant to serve four years in incarceration as a Range II, multiple offender. Appellant filed a motion for new trial. The trial court denied the motion. Appellant filed a timely notice of appeal.

*Analysis*

On appeal, Appellant argues that the evidence was insufficient. Specifically, Appellant argues that "he was only in the vehicle while waiting on his cousin to return with some parts" and the officer confirmed that there were "work tools" found in the vehicle. Further, Appellant denied that he told the officers he had been drinking. In other words, the testimony at trial given by the State gave "credence" to Appellant's testimony. The State disagrees.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses

-2-

and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the defendant is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from reweighing or reevaluating the evidence when considering the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990).

The statute setting out DUI is found at Tennessee Code Annotated section 55-10-401 which provides:

(a) It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of any shopping center, trailer park or any apartment house complex, or any other premises which is generally frequented by the public at large, while:

(1) Under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system; or

(2) The alcohol concentration in such person's blood or breath is eight-hundredths of one percent (.08%) or more.

Appellant argues for purposes of attacking his DUI conviction that there was not sufficient evidence that he was in control of the truck. In order to determine if a defendant was in physical control of a vehicle for DUI purposes, the trier of fact looks to the totality of the circumstances. These include: "the location of the defendant in relation to the vehicle,

the wherabouts of the ignition key, whether the motor was running, the defendant's ability, but for his intoxication, to direct the use or non use of the vehicle, or the extent to which the vehicle itself is capable of being operated or moved under its own power or otherwise." *State v. Lawrence*, 849 S.W.2d 761, 765 (Tenn. 1993); *see also State v. Butler*, 108 S.W.3d 845, 850 (Tenn. 2003). We conclude that there was sufficient evidence to support the DUI conviction. When Officers Smith and Gilley found Appellant, he was slumped over in the cab of the truck on the side of the road. The keys were in the ignition. Appellant had to be shaken before he would awaken and smelled of alcohol. Appellant was unsteady on his feet, had bloodshot eyes, and slurred speech, although Appellant denied this at trial, according to police, Appellant stated that he had been drinking all night. Appellant denied this at trial. We conclude that when this evidence is taken in a light more favorable to the State, a reasonable trier of a fact would conclude that Appellant was guilty of DUI. Appellant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE