# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 13, 2010

## STATE OF TENNESSEE v. WILLIE LONG, JR.

**Direct Appeal from the Circuit Court for Madison County**
**No. 08-311      Donald H. Allen, Judge**

**No. W2009-00193-CCA-R3-CD  - Filed February 8, 2011**

A Madison County Circuit Court Jury convicted the appellant, Willie Long, Jr., of two counts of the sale or delivery of a Schedule I drug and one count of simple possession/casual exchange of a Schedule I drug.  The trial court imposed a total effective sentence of eleven years in the Tennessee Department of Correction (TDOC) and ordered the appellant to serve eleven months and twenty-nine days of his felony sentences in the county jail "day for day" prior to being released on community corrections. On appeal, the appellant argues that the evidence adduced at trial was insufficient to sustain his convictions, that the trial court erred in enhancing the appellant's felony sentences to eleven years, and that the trial court erred in ordering the appellant to serve eleven months and twenty-nine days of his felony sentences in the county jail "day for day."  The State concedes that the trial court erred in imposing "day for day" confinement in the county jail but argues the judgments should be affirmed in all other respects.  Upon review, we affirm the appellant's convictions and the length of the sentences imposed but remand for a correction of the judgments to provide that the appellant is entitled to earn good conduct credits while serving eleven months and twenty-nine days of his felony sentences in jail.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed in Part, Reversed in Part; Case Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Gregory D. Gookin (on appeal) and Jeff Mueller (at trial), Jackson, Tennessee, for the appellant, Willie Long, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; James G. Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee.

# OPINION

## I. Factual Background

The Madison County Grand Jury returned a multi-count indictment, charging the appellant on count one with the June 28, 2007 sale of the Schedule I drug methylenedioxymethamphetamine (MDMA), which has the "street name" Ecstasy, a Class B felony. Count two charged the appellant with the June 28, 2007 delivery of MDMA, also a Class B felony. Count three charged the appellant with the sale and count four charged the appellant with the delivery of MDMA on July 12, 2007. Counts five and six charged the appellant with the sale and delivery of MDMA on July 20, 2007, respectively.

The State's proof at trial revealed that in Spring 2007, Jackson Police Officer Justin Harris arrested Daron Holmes for possession of marijuana and Ecstasy. Thereafter, Holmes approached Officer Harris about working for the Jackson Police Department as a confidential informant. Officer Harris approached Wes Stillwell, an investigator assigned to the Metro Narcotics Unit, with Holmes' offer. Investigator Stillwell agreed to use Holmes to make drug purchases. However, Holmes was not made any promises, deals, or plea offers regarding his drug possession charges in exchange for his cooperation with police.

On June 28, 2007, Holmes, in the presence of Investigator Stillwell and other officers, called the appellant to arrange a purchase of Ecstasy pills. After the call, police searched Holmes and his vehicle for contraband. Finding none, police wired Holmes with an audio/video recording device and gave him seventy-five dollars to pay for the drugs.

Holmes drove to the appellant's residence. Police set up surveillance around the residence but were unable to see the actual transaction. Holmes knocked on the door, and the appellant let him inside the front room of the residence. The appellant got five pills from a "Sucrets [tin] or some type of container" and handed them to Holmes. Four of the pills were orange, and one was green. Holmes put the pills in his pocket and handed the appellant seventy-five dollars.

After the transaction, Holmes left the appellant's residence and met with police to relinquish the pills. The pills, when tested by the Tennessee Bureau of Investigation crime laboratory, contained MDMA and the Schedule II drug methamphetamine.

On July 12, 2007, police instructed Holmes to call the appellant to arrange another purchase of Ecstasy pills. Once the call was made, police searched Holmes and his vehicle before equipping him with an audio/video recording device. Police gave Holmes seventy or seventy-five dollars with which to purchase the drugs. Holmes drove to the appellant's

residence. The appellant and his girlfriend, Anna Jones, were at the residence. When Holmes went inside, he told the appellant he was in a hurry. The appellant retrieved three pills from a container and handed the pills to Holmes. During the transaction, Holmes said that the appellant should keep the "yellow ones" and that Holmes would take the "pink ones." Two of the pills were pink, and one was pink with white specks. Holmes handed the appellant the money and left the residence. Holmes relinquished the pills to police, and testing revealed the pills contained MDMA and methamphetamine.

On July 20, 2007, Holmes made arrangements for the last purchase of Ecstasy from the appellant. After Holmes called the appellant, police searched Holmes, wired him with a recording device, and gave him thirty dollars to make the purchase. When Holmes arrived at the appellant's residence, the appellant, Jones, and a few other individuals were there. The appellant handed Holmes two orange speckled pills, and Holmes handed the appellant thirty dollars. Afterward, Holmes gave the pills to police. Testing revealed the pills contained MDMA and methamphetamine. The recordings of all three drug purchases were played for the jury.

At trial, the defense presented witnesses, including the appellant, who maintained that the appellant never sold Holmes drugs of any kind. The appellant and Jones testified that Holmes was at the appellant's house to sell him DVDs. The appellant said that during the July 12 sale, when he and Holmes spoke of "pink ones" and "yellow ones," they were referring to girls, not pills. The appellant's cousin, Danny Reed, testified that he previously purchased DVDs from Holmes. The defense presented several family members or friends of the appellant who testified that the appellant was an honest and dependable person.

On counts one and two, the jury found the appellant guilty of the lesser-included, Class A misdemeanor offense of simple possession/casual exchange, and the trial court merged the two counts. On the remaining counts, the jury found the appellant guilty as charged. The trial court merged counts three and four into a single conviction and merged counts five and six into a single conviction. The trial court sentenced the appellant as a standard Range I offender to concurrent sentences of eleven years for each felony conviction and eleven months and twenty-nine days for the misdemeanor conviction. The court further ordered the appellant to serve eleven months and twenty-nine days of his felony sentences "day for day" in the county jail before being placed in community corrections. On appeal, the appellant argues that the evidence was insufficient to sustain his convictions, the trial court erred in enhancing his felony sentences to eleven years, and the trial court erred in ordering him to serve eleven months and twenty-nine days of his felony sentences in the county jail "day for day."

## II.  Analysis

### A.  Sufficiency of the Evidence

On appeal, a jury conviction removes the presumption of the appellant's innocence and replaces it with one of guilt, so that the appellant carries the burden of demonstrating to this court why the evidence will not support the jury's findings.  See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).  The appellant must establish that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Tenn. R. App. P. 13(e).

Accordingly, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom.  See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983).  In other words, questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, and not the appellate courts.  See State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990).

The appellant was found guilty of casual exchange/simple possession of MDMA on June 28, 2007, and of the sale and delivery of MDMA on July 12 and 20, 2007.  Our criminal code provides that it is an offense to knowingly sell or deliver a controlled substance.  Tenn. Code Ann. § 39-17-417(a)(2) and (3).  MDMA is classified as a Schedule I controlled substance.  Tenn. Code Ann. § 39-17-406(g)(2).  Additionally, Tennessee Code Annotated section 39-17-418(a) provides that "[i]t is an offense for a person to knowingly possess or casually exchange a controlled substance, unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of professional practice."

The proof at trial revealed that on June 28, 2007, confidential informant Holmes went to the appellant's residence to purchase ecstasy (MDMA).  The appellant handed Holmes five pills, all of which contained MDMA, and Holmes handed the appellant seventy-five dollars.  Our law provides that casual exchange generally "contemplates a spontaneous passing of a small amount of drugs, for instance, at a party.  Money may or may not be involved."  State v. Copeland, 983 S.W.2d 703, 708 (Tenn. Crim. App. 1998).  Accordingly, this proof is sufficient to establish the appellant's guilt of casual exchange.

The proof at trial also revealed that on July 12, 2007, Holmes again went to the appellant's residence to purchase MDMA.  The appellant handed Holmes three pills containing MDMA, and Holmes handed the appellant seventy or seventy-five dollars.  On July 20, 2007, Holmes went to the appellant's residence, the appellant handed him two

MDMA pills, and Holmes handed the appellant thirty dollars. This proof sufficiently establishes the sale or delivery of a controlled substance.

The appellant essentially argues that the jury erred in accrediting the testimony of the State's witnesses and should have instead believed defense witnesses who testified that Holmes was at the appellant's residence for an innocent purpose and that the appellant was an honest person. However, the jury as the trier of fact, after hearing the testimony, seeing the witnesses, and watching the recordings of the purchases, instead chose to accredit the State's witnesses. In fact, the jury generously found the appellant guilty of only casual exchange regarding the June 28 offense when the proof at trial would have sustained a verdict on the charged offenses of the sale or delivery of MDMA. We can discern no basis to overturn the jury's verdicts.

## B. Sentencing

The appellant raises two issues regarding sentencing: (1) the trial court erred by imposing a sentence of eleven years for his felony convictions, and (2) the trial court erred in ordering him to serve eleven months and twenty-nine days "day for day" in the county jail. Appellate review of the length, range or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comts. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

Although the trial court should also consider enhancement and mitigating factors, the statutory enhancement factors are advisory only. See Tenn. Code Ann. § 40-35-114; State v. Carter, 254 S.W.3d 335, 343-44 (Tenn. 2008). We note that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." Carter, 254 S.W.3d at 345. In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the

-5-

purposes and principles of [the Sentencing Act].'" Id. at 343. "[A]ppellate courts are therefore left with a narrower set of circumstances in which they might find that a trial court has abused its discretion in setting the length of a defendant's sentence . . . [and are] bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." Id. at 346.

The appellant, a standard Range I offender, was convicted of two Class B felony offenses. Therefore, the range of sentencing for each felony was eight to twelve years.

At the conclusion of the sentencing hearing, the trial court found that one enhancement factor was applicable to the appellant, specifically that he had a previous history of criminal convictions or criminal behavior. See Tenn. Code Ann. § 40-35-114(1). The court noted that since the twenty-seven-year-old appellant turned eighteen, he had committed thirteen traffic infractions, such as speeding, violating the child seat belt law, and violating the anti-noise ordinance. The court stated, "I don't consider these serious violations of the law, but it's a pattern that . . . [the appellant] has not learned from his mistakes [and] continues . . . to . . . violat[e] the law with no disregard as to what the law requires." Additionally, the court observed that the appellant admitted in the presentence report and at trial, that he had used marijuana since he was seventeen and had tried Ecstasy once.

As mitigating factors, the trial court found that the appellant's criminal conduct neither caused nor threatened serious bodily injury, that the appellant had no history of serious criminal convictions, that he had a good work and school history, and that he was active in church and his community. See Tenn. Code Ann. § 40-35-113(1) and (13). Accordingly, the court sentenced the appellant to eleven years incarceration in the TDOC and ordered the appellant to serve eleven months and twenty-nine days of his felony sentences in the county jail "day for day" before being released on community corrections.

In making the sentencing determination, the trial court stated that the appellant's sentence should be enhanced from the minimum because "almost every year for about six or seven years . . . he continued to violate the law in some respect." However, because of the mitigating factors, the court imposed an eleven-year sentence, not the maximum of twelve years, for each felony conviction.

On appeal, the appellant argues that his previous criminal behavior was not extensive and did not consist of serious offenses; therefore, the trial court should not have attributed such great weight to this enhancement factor. The appellant also contends that the mitigating factors were entitled to greater weight than afforded by the trial court. However, because our code provides that enhancement factors are advisory only, we may not revisit the weight

attributed by the trial court to those factors. See Tenn. Code Ann. § 40-35-210(c); Carter, 254 S.W.3d at 343-44. In the instant case, evidence, including the appellant's admissions, supports the existence of the enhancement factor applied by the trial court. Therefore, we cannot conclude the trial court erred in imposing an eleven-year sentence for each felony conviction.

Next, the appellant contends that the trial court erred in ordering him to serve eleven months and twenty-nine days of his felony sentences in the jail at one hundred percent. On appeal, the State concedes the court erred in ordering eleven months and twenty-nine days to be served in the jail "day for day." We agree. Our code provides that a defendant sentenced to the jail or workhouse for less than one year is entitled to earn good conduct credits, and a trial court cannot deny a defendant this right by imposing a "day-for-day" sentence. See Tenn. Code Ann. § 41-2-111(b). Therefore, we must remand the felony judgments for correction to reflect that the appellant is entitled to earn good conduct credits during the eleven months and twenty-nine days he is to serve in the county jail. See State v. Jared M. Barnes, No. E2001-00325-CCA-R3-CD, 2001 WL 1565484, at *9 (Tenn. Crim. App. at Knoxville, Dec. 10, 2001). Moreover, we note that the felony judgments of conviction erroneously reflect that the appellant is to serve eleven months and twenty-nine days of his felony sentences in the TDOC; accordingly, the felony judgments must also be corrected to reflect that the appellant is to serve the period of incarceration in the county jail, not in the TDOC. See Shorts v. Bartholomew, 278 S.W.3d 268, 275 (Tenn. 2009); see also Tenn. Code Ann. §§ 40-35-306(a), 41-2-11(b).

### III. Conclusion

Accordingly, we conclude that the evidence is sufficient to sustain the appellant's convictions and to support the length of the sentences imposed. However, because the trial court erred in ordering the appellant to serve eleven months and twenty-nine days of his felony sentences in jail "day for day," we must remand for entry of corrected judgments of conviction, providing that the appellant is sentenced to the county jail for the confinement portion of the felony sentences and that he may earn good time credits while in jail. The appellant's convictions and sentences are affirmed in all other respects.

_____
NORMA McGEE OGLE, JUDGE