IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2011

**STATE OF TENNESSEE v. BORIS DARRELL FRY**

**Direct Appeal from the Circuit Court for Hardin County**
**No. 9188     C. Creed McGinley, Judge**

**No. W2010-02068-CCA-R3-CD  - Filed July 27, 2011**

A Hardin County Circuit Court Jury convicted the appellant, Boris Darrell Fry, of selling .5 grams or more of a substance containing cocaine.  The trial court sentenced the appellant as a standard, Range I offender to eight years in the Tennessee Department of Correction.  On appeal, the appellant contends that the evidence was insufficient to sustain his conviction and that the trial court erred in denying him probation.  Upon review, we affirm the judgment of the trial court.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., J., joined.  DAVID H. WELLES, J., not participating.

Richard W. DeBerry, Camden, Tennessee, for the appellant, Boris Darrell Fry.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Senior Counsel; Hansel J. McCadams, District Attorney General; and Ed N. McDaniel, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

     The State's proof at trial revealed that in September 2007, Lucille Govar, an employee of the Fayette County Sheriff's Department, was involved in making undercover drug buys. She was working with Savannah Police Sergeant Tim Kelly, who was attached to the Twenty-fourth Judicial District Drug Task Force.

     On September 13, 2007, Govar went to Savannah to meet with Sergeant Kelly and

other officers. Sergeant Kelly gave her $150 cash to buy drugs. After the meeting, she got into a car with Tim Wood, a confidential informant, and drove to Aspen Apartments. Wood was wearing an audio recording device. Govar was driving, and Wood was sitting in the front passenger seat. Sergeant Kelly monitored them via the recording device and also followed them in his vehicle, keeping them in sight "pretty much at all times."

At around 6:45 p.m, they arrived at the apartment complex and picked up the appellant. He introduced himself as "Possum." Sergeant Kelly said that the appellant was a known drug user. The appellant got into the back seat of the car. The appellant knew Wood, but Govar had to introduce herself to the appellant. After the introduction, Govar requested "one-fifty" from the appellant.

The appellant gave Govar directions to a small house on Graham Street. Sergeant Kelly said that Darrell and Mary Martin lived in the house and that other people went there to get drugs. Govar handed the appellant the money, he got out of the car, and went to the porch of the house. There were two other people on the porch. Sergeant Kelly said that it was common for people to be at the Martins' house. Govar circled the block a few times before returning to retrieve the appellant. Once in the vehicle, the appellant handed Wood the drugs. Wood then gave Govar the drugs. Govar took the appellant back to Aspen Apartments.

After leaving the appellant, Govar met with Sergeant Kelly and gave him the drugs. Sergeant Kelly submitted the drugs to Tennessee Bureau of Investigation (TBI) Special Agent Roger Woods. Agent Woods took the drugs to the TBI crime laboratory. Testing revealed that the rock-like substance was 1.6 grams of cocaine.

The appellant testified that he did not remember much of what happened on September 13, 2007. The appellant said he had never seen Govar before that day and that he did not know Wood. The appellant stated that he had been using drugs since 1979. He stated that because of the poor quality of the tape, he could not verify that he was the person heard on the tape.

The appellant acknowledged that he had sold drugs on other occasions. He explained, "People do come to me and that's the only way I smoke. I got to go get someone. Because after I sell it I just take care of me. I just go, you know, get some for them." The appellant said that when he sold drugs, he was given drugs for his own use "[s]o I can take care of my habit."

The jury found the appellant guilty of selling .5 grams or more of cocaine, and the trial court imposed an eight-year sentence. On appeal, the appellant challenges the sufficiency

of the evidence and the trial court's denial of probation.

## II.  Analysis

### A.  Sufficiency of the Evidence

On appeal, a jury conviction removes the presumption of the appellant's innocence and replaces it with one of guilt, so that the appellant carries the burden of demonstrating to this court why the evidence will not support the jury's findings.  See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).  The appellant must establish that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Tenn. R. App. P. 13(e).

Accordingly, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom.  See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983).  In other words, questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, and not the appellate courts.  See State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990).

The appellant argues that no reasonable jury could have found him guilty of delivery of crack cocaine beyond a reasonable doubt.  He maintains that, at most, he was guilty of casual exchange.

Our criminal code provides that it is a Class B felony "for a defendant to knowingly . . . [s]ell a controlled substance," such as cocaine.  Tenn. Code Ann. § 39-17-417(a)(3) and (c)(1).  In the light most favorable to the State, the evidence shows that Govar, who was working undercover, told the appellant she wanted to purchase $150 worth of cocaine.  The appellant directed Govar to a house.  The appellant went inside the house.  When the appellant returned to the car, Govar handed him $150, and the appellant handed Wood 1.6 grams of cocaine.  This proof sufficiently establishes the sale of a controlled substance.  Regarding the appellant's claim that he was guilty of casual exchange, this court has stated that casual exchange generally "contemplates a spontaneous passing of a small amount of drugs, for instance, at a party.  Money may or may not be involved." State v. Copeland, 983 S.W.2d 703, 708 (Tenn. Crim. App. 1998).  The jury, acting in its purview, reviewed the evidence and found the appellant guilty of the sale of crack cocaine.  This issue is without merit.

### B.  Sentencing

Appellate review of the length, range or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

At the sentencing hearing, the trial court noted that the presentence report reflected that the appellant had "a long-standing history with this Court." The court stated that the appellant had previously been granted probation and that his probation had been revoked. The court stated that the appellant's prior record warranted a denial of alternative sentencing and ordered the appellant to serve eight years in the Tennessee Department of Correction. On appeal, the appellant challenges the denial of probation.

An appellant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. See Tenn. Code Ann. § 40-35-303(a). Moreover, an appellant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6). Although the appellant was a standard, Range I offender, he was convicted of a Class B felony. Therefore, he was not presumed to be a suitable candidate for alternative sentencing.

Nevertheless, Tennessee Code Annotated section 40-35-103(1) sets forth sentencing considerations which are utilized in determining the appropriateness of alternative sentencing:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited

to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See also State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Additionally, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5). A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing. Tenn. Code Ann. § 40-35-102(5).

The appellant's presentence report reflects that the appellant has three convictions for possession of cocaine, three convictions for theft, two convictions for possession of drug paraphernalia, and convictions for burglary, driving on a revoked license, possession of marijuana, failure to appear, and selling marijuana. Further, the appellant testified at trial that he had been using drugs since 1979. This extensive criminal history alone supports the trial court's denial of probation. This issue is without merit.

### III. Conclusion

In sum, we conclude that the evidence is sufficient to support the appellant's conviction and that the trial court did not err in denying the appellant probation. Therefore, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE