**STATE of Tennessee, Appellant,**

v.

**Patrick L. PRUETT, Appellee.**

No. 89–54–I.

Supreme Court of Tennessee,
at Nashville.

April 23, 1990.

Charles W. Burson, Atty. Gen. and Reporter, Donna J. Hixon Smith, Asst. Atty. Gen., Nashville, for appellant.

John J. Hestle, Clarksville, for appellee.

## OPINION

O'BRIEN, Justice.

The defendant was arrested on a warrant alleging that he was one of the drivers involved in an accident at the Fairgrounds Park in Montgomery County, Tennessee. He pled guilty to the charge of driving under the influence in the Montgomery County General Sessions Court. He was sentenced to eleven (11) months and twenty-nine (29) days with all but forty-eight (48) hours suspended on condition of his good behavior and participation in an A/A Program. This judgment was appealed to the Criminal Court for Montgomery County where it was heard on the following stipulation:

> "The parties can stipulate that the defendant was operating a motor vehicle in the Fairground Park which is located in Montgomery County, Tennessee. The road that he was operating on was a paved road. The property is owned by the City of Clarksville."

The stipulation contained in the record includes a handwritten notation "DUI—admitted March 26, 1988—date of offense." The writer is not identified.

The Criminal Court entered an order affirming the general sessions court judgment which contains the following notation: "After due consideration of this matter, it appears that the roadways of Fairground Park are premises open to the public and frequented by the public at large."

■ This judgment was appealed to the Court of Criminal Appeals which, after reviewing the record found that the stipulated facts in the record were insufficient to meet the requirements and definitions contained in T.C.A. § 55–10–401(a). They found that "the mere fact that the 'Fairground Park' is owned by the city does not necessarily lead *this Court* to draw the inference the State suggests." They held the State had failed to establish the level of proof necessary for the conviction of T.C.A. § 55–10–401. We are obliged to disagree.

When a defendant challenges the sufficiency of the convicting evidence the appellate courts must review the record to determine if the evidence adduced at trial is sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." T.R.A.P. 13(e). This rule is applicable to findings of guilt based upon direct as well as circumstantial evidence. *State v. Brown*, 551 S.W.2d 329, 331 (Tenn.1977). The appellate courts do not reweigh or reevaluate the evidence in determining its sufficiency to convict. *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn.1978). On appellate review the courts may not substitute inferences for those drawn by the trier of fact in circumstantial evidence cases. They must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence are resolved by the trier of fact, and not in the appellate courts. See *State v. Cabbage*, supra; *State v. Grace*, 493 S.W.2d 474 (Tenn.1973); *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982); *State v. McAfee*, 737 S.W.2d 304 (Tenn.Cr.App.1987).

It is reflected in the record that defendant was convicted on a guilty plea in the General Sessions Court. The judgment was appealed. The Criminal Court judge affirmed the General Sessions court judgment presumably, on the record from that court, and the stipulation filed by the parties. He found that the roadways of Fairground Park are premises open to the public and frequented by the public at large. The Court of Criminal Appeals has substituted its inferences for those drawn by the trier of fact. This it cannot do. It is, in effect, a substitution of its judgment for that of the trial court. See *Foster v. State*, 172 S.W.2d 1003, 1006, 180 Tenn. 164 (1943).

We reverse the judgment of the Court of Criminal Appeals and affirm the judgment of the trial court. Costs are assessed against the defendant.

DROWOTA, C.J., and FONES, COOPER and HARBISON, JJ., concur.