IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 1, 2003

## STATE OF TENNESSEE  v.  RICHARD C. ROGERS

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 7154     Joseph H. Walker, Judge**

---

**No. W2002-01632-CCA-R3-CD  - Filed August 8, 2003**

---

Defendant, Richard C. Rogers, appeals his convictions in the Lauderdale County Circuit Court for burglary of a vehicle, a class E felony, and theft of property in an amount over $1,000 and less than $10,000, a class D felony.  Following a jury trial, Defendant was sentenced as a career offender to six years for his burglary conviction and twelve years for his theft conviction, to be served concurrently.  In this appeal as of right, Defendant contends that the evidence at trial was insufficient to support his convictions beyond a reasonable doubt.  After review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Clifford K. McGown, Jr., Waverly, Tennessee (on appeal); Gary F. Antrican, District Public Defender; and Julie K. Pillow, Assistant Public Defender, (at trial), for the appellant, Richard C. Rogers.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey Brewer, Assistant Attorney General, for the appellee, the State of Tennessee.

## OPINION

Ronnie Moore testified that on July 27, 2001, he worked for the Lauderdale County Highway Department.  On that morning, he arrived at work at 6:00 a.m. and noticed that the gate was open. The gate is usually locked, but the lock had been cut.  Mr. Moore also noticed that the doors into the building had been broken open and a service truck was missing.  He notified the sheriff's department.

Andy Vaughn, a shop foreman for the Lauderdale County Highway Department, testified that on July 27, 2001, he arrived at work and discovered that the 1996 Dodge Ram service truck that was assigned to him was missing. Mr. Vaughn testified that the truck was valued at approximately $9,000. He also testified that the tools belonging to the highway department are marked as such and identified using serial numbers. Mr. Vaughn reported several items stolen, including eleven chainsaws, a floor buffer, two tool boxes, several hand tools, several wrenches, an extended arm pruner, and a weed eater. The total estimated value of all of the items stolen was several thousand dollars. Mr. Vaughn testified that the truck and some but not all of the tools and other property were recovered.

Jeff Fain, an officer for the Collierville Police Department, testified that he was employed as a criminal investigator for the Ripley Police Department at the time of this offense. Officer Fain testified that on August 4, 2001, he was notified that the service truck stolen from the Lauderdale County Highway Department had been recovered in Dyer County. Defendant and his wife had been found sleeping in the truck and were arrested and taken into custody in Dyer County. Officer Fain and Lieutenant Sanders transported Defendant from the Dyer County jail to the Lauderdale County jail. Officer Fain "couldn't tell" whether Defendant appeared to be under the influence of an intoxicant. Defendant was not wearing a shirt.

Lieutenant Steve Sanders of the Ripley Police Department testified that Defendant gave a statement on August 7, 2001, after Lieutenant Sanders advised Defendant of his *Miranda* rights. Defendant admitted his involvement in the burglary and theft. Defendant stated that he had received information from an inmate who worked as a clean-up person for the highway department. Defendant stated that he cut the chain link fence surrounding the building using bolt cutters. He pried open the door to the building, entered the building and obtained the keys to the Dodge truck. He backed the truck into the bay area where the tools were stored. He drove the truck to Nashville where he sold some of the tools for $500. He sold several more items on his way to Dyer County. After giving an oral statement to Lieutenant Sanders, Defendant reduced his statement to writing.

Lieutenant Sanders testified that Defendant did not appear to be under the influence of alcohol or drugs at the time he gave the statement. Defendant told Lieutenant Sanders that he used the money from the sale of the stolen tools to buy drugs.

On August 13, 2001, Lieutenant Sanders drove to Nashville to recover the stolen items that had been sold, and then he released them to the Lauderdale County Highway Department. Defendant sold the tools in Nashville to the owner of Cooper Electric Company, who wrote a check to Defendant for $500 and then immediately cashed the check for Defendant. Lieutenant Sanders attempted to recover the check, but he never obtained it from the Nashville police. Defendant did not testify at trial.

**Sufficiency of the Evidence**

Defendant contends that the evidence at trial was insufficient to support his convictions. When an accused challenges the sufficiency of the convicting evidence, we must determine whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Keough*, 18 S.W.3d 175, 180-81 (Tenn. 2000) (*quoting Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 573 (1979)). In evaluating the sufficiency of the evidence, this Court will afford the prosecution the strongest legitimate view of the evidence in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Williams*, 657 S.W.2d 405, 410 (Tenn. 1983). Questions regarding the credibility of the witnesses, the weight to be given the evidence, and any factual issues raised by the evidence are resolved by the trier of fact, not this Court. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). Furthermore, a guilty verdict replaces the presumption of innocence with a presumption of guilt, and the defendant has the burden of demonstrating on appeal why the evidence does not support the jury's findings. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

A conviction for burglary of a vehicle requires proof beyond a reasonable doubt that Defendant, without the effective consent of the property owner, entered any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault. Tenn. Code Ann. § 39-14-402 (1997). Burglary of a vehicle is a class E felony. *Id*. A conviction for theft requires proof beyond a reasonable doubt that Defendant, with intent to deprive the owner of property, knowingly obtained or exercised control over the property without the owner's effective consent. Tenn. Code Ann. § 39-14-103 (1997).

Defendant confessed to the police that he entered the property without permission, stole the tools and the key to the service truck, and drove the vehicle away with the stolen tools inside. Defendant told police that he had sold some of the stolen tools to "a guy" in Nashville. Lieutenant Sanders recovered the tools, marked "Lauderdale County Highway Department," from a man in Nashville. Defendant was found inside the stolen vehicle. The evidence was sufficient for any rational trier of fact to find Defendant guilty of both offenses beyond a reasonable doubt.

## CONCLUSION

After a careful review of the record, we affirm the judgments of the trial court.

_____
THOMAS T. WOODALL, JUDGE