IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 10, 2004

## STATE OF TENNESSEE v. TERRY CLARK

**Direct Appeal from the Circuit Court for Dickson County**
**No. CR6392     George C. Sexton, Judge**

---

**No. M2003-01925-CCA-R3-CD - Filed February 19, 2004**

---

A Dickson County jury convicted the Defendant, Terry Clark, of driving under the influence of an intoxicant ("DUI") and assault. The Defendant alleges that the evidence is insufficient to support her assault conviction. After reviewing the record, we conclude that sufficient evidence exists and, accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Columbus Wade Bobo, Ashland City, Tennessee, for the appellant, Terry Clark.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Richard H. Dunavant, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Kim G. Menke, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Factual Background

This case involves the arrest of the Defendant, Terry Clark, for DUI by a police officer in Dickson and the subsequent kicking of the officer by the Defendant in the booking room at the police station. We note that no trial transcript was filed on appeal. Rather, the Defendant filed a statement of the evidence that the State approved. The State also provided a supplemental statement. In the statement of evidence, Michael Phillips, an officer with the Dickson Police Department, stated that, on August 18, 2002, he observed the Defendant driving her small pickup truck erratically on West Walnut Street in Dickson, including crossing the center line of the street several times. Officer Phillips stated that he stopped the Defendant's vehicle and, as he approached the Defendant, "[he] could smell a strong odor of an alcoholic beverage coming from her person." Officer Phillips described the Defendant's speech as "very slurred." Officer Phillips stated that the Defendant could not count in sequence to four, even using her fingers. Officer Phillips stated that he then asked the

Defendant to stand in front of her vehicle and he turned on the video camera located in his patrol car to document the field sobriety tests, which she performed unsuccessfully. Officer Phillips stated that he then placed the Defendant under arrest for DUI and took her to the police station, where he placed her in the booking room and tried to obtain her consent for a blood alcohol test. Phillips stated that:

> While I was reading her the implied consent form with her continuously talking over my trying to do so, she got up out of her seat . . . and got up in my face. I pushed her away and sat her back down in the chair. Immediately after doing this, she kicked me in the leg. The kick was not an accident in connection with my sitting her down on the chair. The kick did not cause any bruise or physical injury to my leg, but it did hurt at the time.

The State introduced the videotape of the arrest and the booking proceedings which corroborated Officer Phillips testimony.

The jury convicted the Defendant of both DUI and assault. The trial court sentenced the Defendant to eleven months and twenty-nine days, suspended after serving ten days and imposed a $350 fine for the DUI conviction. The trial court sentenced the Defendant to eleven months and twenty-nine days, suspended after serving ten days for the assault conviction. The trial court ordered the sentences to run concurrently. The Defendant now appeals the assault conviction.

## II. Analysis

The Defendant contends that the evidence presented at trial was insufficient to support her assault conviction. When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 324 (1979); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).

In determining the sufficiency of the evidence, this Court should not re-weigh or re-evaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from the evidence. State v. Buggs, 995 S.W.2d 102, 105 (Tenn. 1999); Liakas v. State, 286 S.W.2d 856, 859 (Tenn. 1956). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990). This Court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record, as well as all reasonable inferences which may be drawn from the evidence. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the

convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. Id.

Pursuant to Tennessee Code Annotated section 39-13-101(a) (1997), a person has committed an assault if she:

(1) Intentionally, knowingly or recklessly causes bodily injury to another;
(2) Intentionally or knowingly causes another to reasonably fear imminent bodily injury; or
(3) Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative.

"Bodily injury" includes "physical pain." Tenn. Code. Ann. § 39-11-106(a)(2) (1997). The Defendant asserts that there was insufficient evidence presented to prove that the Defendant "[i]ntentionally, knowingly, or recklessly" caused bodily injury to another. Tenn. Code. Ann. § 39-13-101(a). The Defendant attacks the conviction on the grounds that "the arresting officer [portrayed] a subject . . . intoxicated beyond the capacity to form any intent to assault." Also, the Defendant contends that "[t]here was no proof that this action caused any bodily injury, pain, or discomfort." We find the Defendant's arguments unpersuasive. Officer Phillips testified that "[t]he kick was not an accident in connection with my sitting her down on the chair." Further, Officer Phillips explained that while the kick did not leave a bruise or cause physical injury to his leg, "it did hurt at the time." In addition to his testimony, Officer Phillips presented a videotape of the incident in the booking room which the jury viewed.

As previously stated, questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. The Defendant bore the burden of showing that the evidence was legally insufficient to sustain her guilty verdict. Evans, 838 S.W.2d at 191. A rational jury could have found beyond a reasonable doubt that the Defendant did knowingly, intentionally or recklessly kick Officer Phillips and that the kick caused the officer to have physical pain. Accordingly, a rational jury could find the Defendant guilty of assault.

### III. Conclusion

In accordance with the foregoing, we conclude that the evidence is sufficient to support the Defendant's conviction. Therefore, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE

-3-