# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs November 10, 2011

## STATE OF TENNESSEE v. JEFFERY WADE OSBORNE

**Direct Appeal from the Circuit Court for Williamson County**
**No. IICR123840     Timothy L. Easter, Judge**

———————————————————

**No. M2010-02581-CCA-R3-CD - Filed February 27, 2012**

———————————————————

A Williamson County jury convicted the defendant, Jeffery Wade Osborne, of aggravated assault. Following his conviction, the trial court sentenced the defendant to thirteen years as a Range III, persistent offender. On appeal, the defendant challenges the sufficiency of the evidence supporting his conviction. The State concedes that the evidence is insufficient to support the defendant's conviction. Upon review, we conclude that the evidence is insufficient to support a conviction for aggravated assault but is sufficient to support a conviction for the lesser included offense of assault. Therefore, we modify the conviction to assault and remand for a new sentencing hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Modified and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

William P. Holloway (on appeal) and Sandra Wells (at trial), Franklin, Tennessee for the appellant, Jeffery Wade Osborne.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Kim R. Helper, District Attorney General, and Kate Yeager and Rachel Stutts, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

In December 2008, the Williamson County grand jury returned an indictment against the defendant for aggravated assault, assault, vandalism, and bigamy charges.

The assault charge and the bigamy charge were subsequently severed and dismissed. The trial on the remaining charges commenced on July 15, 2010, and, at the close of the State's proof, the trial court granted the defendant's motion for a judgment of acquittal on the vandalism charge. The jury returned a verdict of guilty on the charge of aggravated assault.

In the light most favorable to the State, the proof at trial showed that, on July 2, 2009, the defendant and Wesley Ezell, the victim's boyfriend, were "piddling" in the barn located behind the victim's home. The victim and the defendant are siblings and live next door to one another. Ezell and the victim engaged in an argument because the victim grew "aggravated" at Ezell's "putting [ ] off" a visit to the victim's mother. This argument ended when Ezell walked away from the victim into the surrounding woods. The victim was standing at the driver's side door of her car when the defendant approached her holding in his hand a long piece of PVC pipe, which was between ten and fifteen feet in length. The defendant told the victim that he was tired of the "arguing" and that "he was going to show us."

The defendant then began striking the victim with the PVC pipe around the victim's hips and legs. The victim did not fight back but asked the defendant to "stop" because it was "hurting." After striking the victim ten or twelve times, the defendant stopped because the PVC pipe had broken down to a "nub" that measured approximately a foot and a half long. The defendant instructed the victim to come with him to find Ezell. The two "went around back" to Ezell's truck, and the defendant "popped it" a couple of times with the "nub," breaking Ezell's windshield. The victim sustained welts and bruising from the assault but did not seek any medical treatment for her injuries. The victim testified that she was not in "severe pain" but "sore" after the assault.

Based upon this evidence, the jury convicted the defendant of aggravated assault, and the trial court imposed a thirteen-year sentence. On appeal, the defendant challenges the sufficiency of the evidence.

**Analysis**

On appeal, a jury conviction removes the presumption of the appellant's innocence and replaces it with one of guilt so the appellant carries the burden of demonstrating to this court why the evidence will not support the jury's findings. *See State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The appellant must establish that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); Tenn. R. App. P. 13(e).

--

2

Accordingly, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *See State v. Williams*, 657 S.W.2d 405, 410 (Tenn. 1983). In other words, questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact rather than the appellate courts. *See State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990).

The defendant specifically argues that the State failed to establish that the PVC pipe used to hit the victim was a deadly weapon. The State agrees with the defendant.

To convict the defendant of aggravated assault in this case, the State needed to establish that the defendant intentionally or knowingly caused the victim to reasonably fear imminent bodily injury through the use or display of a deadly weapon. T.C.A. § 39-13-102(a)(1)(A)(ii) (2010). A deadly weapon is defined as "a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or [ ] [a]nything that in the manner of its use or intended use is capable of causing death or serious bodily injury." T.C.A. § 39-11-106(a)(5) (2010).

As we earlier noted, the State concedes "that the proof presented at trial was insufficient to support the defendant's conviction for aggravated assault based on his use of an object capable of causing serious bodily injury." We agree. There is no evidence in the record that the defendant used the PVC pipe "in a manner that could cause death or serious bodily injury." T.C.A. § 39-11-106(a)(5) (2010). The defendant hit the victim ten to twelve times on the legs and buttocks. As the defendant struck the victim, the PVC pipe would shatter rendering the once "ten to fifteen foot" pipe a "foot and a half nub." The facts of this case simply do not support a finding that the defendant used or intended to use the PVC pipe in a manner that could cause death or serious bodily injury. Instead, the evidence amply supports a conviction for assault. Accordingly, we conclude that the defendant's conviction for aggravated assault should be modified to assault and remanded for sentencing.

## Conclusion

Because the evidence was insufficient to support an aggravated assault conviction, we modify the defendant's conviction for aggravated assault to assault and remand the case for sentencing.

_____
JOHN EVERETT WILLIAMS, JUDGE

--

3