# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 17, 2014

## STATE OF TENNESSEE v. JEROME ANTWAUNE PERKINS

**Appeal from the Criminal Court for Wilson County**
**No. 11-CR-343      John D. Wootten, Jr., Judge**

---

**No. M2013-02164-CCA-R3-CD - Filed June 20, 2014**

---

A jury found appellant, Jerome Antwaune Perkins, guilty of possession of 0.5 grams or more of cocaine, a Schedule II controlled substance, with intent to sell or deliver. He pleaded guilty to the accompanying charge of driving on a revoked license, third offense. He was sentenced to fifteen years as a multiple offender for the drug conviction and the agreed-upon concurrent eleven months, twenty-nine days for the driving conviction. In this appeal, he challenges the sufficiency of the convicting evidence underlying the drug conviction. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Gregory D. Smith (on appeal), Clarksville, Tennessee; and Adam W. Parrish (at trial), Lebanon, Tennessee, for the appellant, Jerome Antwaune Perkins.

Robert E. Cooper, Jr., Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Linda D. Walls and Thomas Harwell Swink, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

This case involves a traffic stop of appellant, during which officers found 1.6 grams of crack cocaine that appellant had concealed in his shoe. Appellant was subsequently indicted for driving on a revoked license, third offense, and possession of more than 0.5 grams of cocaine, a Schedule II controlled substance, with the intent to sell or deliver. Prior to trial, he pleaded guilty to driving on a revoked license, third offense.

## I. Facts

At appellant's October 11, 2012 trial, the State called Officer James Tuggle with the Lebanon Police Department as its first witness. He had attended several schools involving drug interdiction and drug identification and had also amassed on-the-job training in his over nine years of law enforcement experience. Officer Tuggle testified that on November 6, 2010, he was working in the West Main Street area, which was known for drug activity. As Officer Tuggle observed a residence, he saw appellant pull away from the residence driving a white Chrysler Sebring. The vehicle had a nonfunctioning brake light, so Officer Tuggle initiated a traffic stop of the vehicle on Hill Street. After obtaining appellant's personal information, Officer Tuggle confirmed that appellant's driver's license had been revoked. Officer Tuggle then placed appellant under arrest. During the search incident to arrest, Officer Tuggle found a plastic bag that contained what appeared to be crack cocaine in appellant's left shoe. Officer Tuggle believed that appellant possessed the crack cocaine for the purpose of selling it based upon his presence at a residence known by police to be a "drug den"; his possession of $83 in his pocket coupled with his being unemployed; his lack of drug paraphernalia that would indicate possession for personal use; and his general health and appearance, which suggested that appellant did not use drugs himself.

On cross-examination, Officer Tuggle admitted that he was unaware of whether appellant possessed the crack cocaine when he entered the residence or whether he purchased it while visiting the residence. He also acknowledged that he found neither a weapon nor scales in appellant's possession, which would be common for a drug dealer to possess. He also confirmed that he did not return to the residence or interview any of the occupants therein to corroborate his opinion. Officer Tuggle stated that the plastic bag containing crack cocaine was not subjected to fingerprint testing. Officer Tuggle opined that a person would not smoke more than 0.5 grams of crack cocaine at one time, so he inferred that appellant possessed 1.6 grams to sell.

On redirect examination, Officer Tuggle stated that a "crack head" would not normally wait to use the remainder of the drugs in his possession at a later time. He characterized the size of the rock as the size of a thumbnail, whereas the amount that would fit inside a crack pipe was smaller than a "pinkie" nail.

Tennessee Bureau of Investigation Special Agent Forensic Scientist William Stanton testified next and confirmed that the rock was crack cocaine that had been "cut," or combined with another substance, and that it weighed 1.6 grams.

Lebanon Police Officer Jason Toporowski testified that he responded to Officer Tuggle's traffic stop of appellant's vehicle. When he arrived, Officer Tuggle had already

taken appellant into custody. Officer Tuggle requested that appellant remove his shoes, and when he complied, Officer Toporowski observed a clear plastic bag fall from the shoe. He also confirmed that he knew the residence in question to be a "drug house," or a place that people frequented to use drugs. The State then rested its case-in-chief.

Appellant did not present any evidence. Upon the State's proof, the jury found appellant guilty of possession of more than 0.5 grams of cocaine with intent to sell or deliver.

At a subsequent hearing, the trial court sentenced appellant as a multiple offender to fifteen years for possession of cocaine and the agreed-upon concurrent sentence of eleven months, twenty-nine days for driving on a revoked license, third offense.[1]

## II. Analysis

Appellant raises one issue for our review: the sufficiency of the convicting evidence. His argument focuses on the "tell-tale signs that discount a presumption that [appellant] was selling cocaine," such as his not possessing drug scales, a weapon, or a ledger of drug sales coupled with his possession of a single rock of crack cocaine.

The standard for appellate review of a claim challenging the sufficiency of the State's evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)); *see* Tenn. R. App. P. 13(e); *State v. Davis*, 354 S.W.3d 718, 729 (Tenn. 2011). To obtain relief on a claim of insufficient evidence, appellant must demonstrate that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319. This standard of review is identical whether the conviction is predicated on direct or circumstantial evidence, or a combination of both. *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011); *State v. Brown*, 551 S.W.2d 329, 331 (Tenn. 1977).

On appellate review, "'we afford the prosecution the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences which may be drawn therefrom.'" *Davis*, 354 S.W.3d at 729 (quoting *State v. Majors*, 318 S.W.3d 850, 857 (Tenn. 2010)); *State v. Williams*, 657 S.W.2d 405, 410 (Tenn. 1983); *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). In a jury trial, questions involving the credibility of witnesses and

---

[1] Appellant concedes that pursuant to *State v. Bise*, 380 S.W.3d 682 (Tenn. 2012), the trial court did not abuse its discretion in sentencing him. Because he did not raise a claim of error with respect to sentencing, we have not included a summary of the evidence presented at the sentencing hearing.

the weight and value to be given the evidence, as well as all factual disputes raised by the evidence, are resolved by the jury as trier of fact. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997); *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). This court presumes that the jury has afforded the State all reasonable inferences from the evidence and resolved all conflicts in the testimony in favor of the State; as such, we will not substitute our own inferences drawn from the evidence for those drawn by the jury, nor will we re-weigh or re-evaluate the evidence. *Dorantes*, 331 S.W.3d at 379; *Cabbage*, 571 S.W.2d at 835; *see State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984). Because a jury conviction removes the presumption of innocence that appellant enjoyed at trial and replaces it with one of guilt at the appellate level, the burden of proof shifts from the State to the convicted appellant, who must demonstrate to this court that the evidence is insufficient to support the jury's findings. *Davis*, 354 S.W.3d at 729 (citing *State v. Sisk*, 343 S.W.3d 60, 65 (Tenn. 2011)).

As indicted in this case, the State must have established beyond a reasonable doubt that appellant knowingly possessed 0.5 grams or more of cocaine, a Schedule II controlled substance, with intent to sell or deliver. Tenn. Code Ann. § 39-17-417(a)(4), (c)(1). Appellant states in his brief that he "readily admitted to buying cocaine" but denied selling it. Thus, his knowing possession is established. The laboratory analysis confirmed that the substance was, indeed, a substance containing cocaine and that it weighed 1.6 grams. Officer Tuggle, through his training and experience, provided information to the jury from which it could have determined that appellant possessed the crack cocaine with the intent to sell or deliver it. That information included appellant's possession of $83 but not being employed; his lack of possession of drug paraphernalia, which would suggest that he did not possess the crack cocaine for personal use; appellant's general health, appearance, and demeanor, which were not indicative of a chronic drug user; and appellant's presence at a known "drug den" or "drug house." Officer Tuggle also opined that crack users did not smoke an amount so great at one time and that they generally did not save crack in their possession for use at a later time. Although circumstantial, this evidence carries the same weight as direct evidence. *Dorantes*, 331 S.W.3d at 379. The jury, as the trier of fact, resolved the question of the weight to be afforded this evidence. *Bland*, 958 S.W.2d at 659; *Pruett*, 788 S.W.2d at 561. We will not disturb the jury's findings. Appellant is not entitled to relief on this issue.

## CONCLUSION

Based on our review of the record, the parties' briefs, and the applicable legal authority, we affirm the judgments of the trial court.

_____
ROGER A. PAGE, JUDGE

-4-