IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Jackson January 6, 2015

## STATE OF TENNESSEE v. MARK A. CRITES

**Appeal from the Circuit Court for Williamson County**
**No. II-CR025406      Timothy L. Easter, Judge**

---

**No. M2014-00560-CCA-R3-CD – Filed February 24, 2015**

---

Appellant, Mark A. Crites, was convicted of driving under the influence of an intoxicant ("DUI"), second offense.  The trial court sentenced him to eleven months and twenty-nine days in confinement.  On appeal, appellant argues that the assistant district attorney general committed prosecutorial misconduct in her closing argument and that the evidence was insufficient to support his conviction.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Sandra L. Wells, Franklin, Tennessee, for the appellant, Mark A. Crites.

Herbert H. Slatery III, Attorney General and Reporter; Michelle L. Consiglio-Young, Assistant Attorney General; Kim R. Helper, District Attorney General; and Kelly A. Lawrence, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Facts

Appellant was involved in a single-vehicle accident on September 19, 2010, and was subsequently indicted for operating a motor vehicle after being declared a habitual traffic offender; DUI; and DUI, second offense. *See State v. Mark A. Crites*, No. M2013-01681-CCA-R3-CD, 2014 WL 2567146, at *1 (Tenn. Crim. App. June 6, 2014).  Prior to trial, the count for operating a motor vehicle after being declared a habitual traffic

offender was severed from the remaining two counts and the counts for DUI and DUI, second offense were bifurcated. Appellant was convicted of operating a motor vehicle after being declared a habitual traffic offender, and appellant unsuccessfully appealed that conviction. *See Mark A. Crites*, 2014 WL 2567146, at *1. This appeal concerns the counts for DUI and DUI, second offense. A jury considered the DUI charge, and appellant waived a jury trial regarding the count for DUI, second offense, opting instead for a bench trial.

At the jury trial, Cory Kroeger, a police officer in Franklin, Tennessee, testified that on September 19 at approximately 11:30 p.m., he "observed a small four-door red vehicle that appeared to have been driven off into a drainage ditch." The vehicle had at least one flat tire and was tilted in a way that the tires could not gain traction. He and his partner observed a young man walking away from the vehicle and a car that was "idling" was parked in the parking lot of a closed business near the scene of the incident. Officer Kroeger's partner talked to the young man, James Sweeny, Jr., and Officer Kroeger talked to the driver of the idling car, who was Mr. Sweeny's mother. Officer Kroeger then saw appellant, who was trying to get into Ms. Sweeny's car. Officer Kroeger asked appellant to speak with him about the accident, and he observed that appellant was "unsteady on his feet[,] . . . [had] slurred speech[,]" and "had a very strong odor of an alcoholic beverage emitting from his person."

Officer Kroeger testified that appellant told him that he had not been driving the vehicle but that he had gotten in the driver's seat to attempt to move the vehicle out of the ditch but was unsuccessful. Officer Kroeger denied seeing any males other than Mr. Sweeny and appellant in the area. Neither Mr. Sweeny nor appellant had any noticeable physical injuries. Officer Kroeger stated that appellant may have said that Mr. Sweeny had been driving the car but that appellant did not mention a person named Malcomb Bennett. Although appellant stated that he had not been drinking, Officer Kroeger had appellant perform two field sobriety tests, both of which appellant failed. Officer Kroeger arrested appellant for DUI. Appellant repeatedly stated that he had not driven the car and explained that he did not know where the keys to the car were located. During cross-examination, Officer Kroeger conceded that he did not ask anyone at the scene if they needed medical attention and that he did not call for an ambulance.

Franklin Police Lieutenant Chris Clausi testified that he responded to the accident scene and arrived after Officer Kroeger and his partner. He further testified that fifteen minutes prior to his responding to the accident, he had seen appellant driving a small red car on West Main Street. When asked, "[H]ow confident are you that that same person you saw, the person driving the vehicle earlier, was [appellant]?" Lieutenant Clausi responded, "One hundred percent confident." During cross-examination, Lieutenant Clausi stated that appellant's identity "stuck in [his] mind" because he saw him at the intersection and then fifteen minutes later, saw the same vehicle and appellant involved in

a car accident. He explained that when he initially saw appellant, his patrol car was stopped while waiting to turn and that he was in a well-lit area. The State rested its case-in-chief.

On behalf of appellant, Donna Peek testified that on September 19, 2010, she gave the keys to a "reddish maroon" car to Malcomb Bennett so that Mr. Bennett could drive appellant and Mr. Sweeny to the store to buy cigarettes for appellant and Ms. Peek. She stated that she saw Mr. Bennett get into the driver's seat of the car.

Malcomb Bennett testified that on September 19, 2010, he went to appellant's house and that he drove a red car to the store to buy cigarettes. During the trip, the car got a flat tire, and he pulled the car to the side of the street. Due the steep embankment, the car slid off into a ditch. Mr. Bennett stated that he left the scene to try to find a spare tire, leaving appellant, another man, and the keys to the car at the scene, but that after visiting "two or three different places," he was unable to find a tire that fit the car. Mr. Bennett explained that he went back to the scene of the accident the next morning but that the car was no longer there. During cross-examination, Mr. Bennett stated that he drove the car because appellant had been drinking, although he was uncertain as to the amount of alcohol appellant had consumed. Mr. Bennett described his attempts to find a tire and stated that his search lasted between twenty-five and thirty minutes before he decided to go home. Mr. Bennett stated that he had never told anyone that he was driving the vehicle on the night in question because "[n]obody ever asked [him]."

After hearing this proof, the jury found appellant guilty of DUI. At the subsequent bench trial regarding the count for DUI, second offense, the trial court received a certified copy of a prior DUI conviction and found that appellant was guilty beyond a reasonable doubt of DUI, second offense. The trial court merged the two DUI convictions and sentenced appellant to eleven months and twenty-nine days in confinement for DUI, second offense.

## II. Analysis

Appellant now argues that: (1) the assistant district attorney general committed prosecutorial misconduct in her closing argument and (2) the evidence was insufficient to support his conviction. The State responds that the prosecutor did not commit prosecutorial misconduct and that the evidence was sufficient to uphold appellant's conviction.

### A. Prosecutorial Misconduct

Appellant alleges that the assistant district attorney general committed prosecutorial misconduct during her closing argument by misstating the evidence

presented at trial. Apparently recognizing that the State would argue that the issue had been waived, appellant requests that this court review the alleged misconduct as plain error. The State contends that appellant waived the issue by not objecting contemporaneously and by not clearly stating the specific issue in his written motion for new trial. The State further argues that the issue does not merit plain error review.

Regarding appellant's motion for new trial, the record shows that appellant filed his motion for new trial on May 14, 2013. The motion alleged that the "prosecutor committed misconduct during closing argument by misstating a fact that was not in evidence." At the motion for new trial, counsel argued orally that the prosecutor committed misconduct by saying that at the scene of the crime, appellant told Mr. Sweeny to tell officers that *he* was driving when, in fact, the evidence presented at trial was that appellant told Mr. Sweeny to tell the officers *who* was driving. The trial court determined that the issue as presented was without merit. For the purpose of appellate review, the issue was presented with enough specificity to satisfy Tennessee Rule of Appellate Procedure 3(e), and the closing argument issue is not waived on these grounds. *See* Tenn. R. App. P. 3(e) ("Provided, however, that in all cases tried by a jury, no issue presented for review shall be predicated upon error in the . . . misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.").

However, appellant failed to make a contemporaneous objection to the prosecutor's statement at trial. Our supreme court has stated:

> [W]e stress that it is incumbent upon defense counsel to object contemporaneously whenever it deems the prosecution to be making improper argument. A contemporaneous objection provides the trial court with an opportunity to assess the State's argument and to caution the prosecution and issue a curative instruction to the jury if necessary.

*State v. Jordan*, 325 S.W.3d 1, 57-58 (Tenn. 2010) (footnote omitted). Defense counsel's failure to object contemporaneously constitutes a waiver of the issue on appeal. Tenn. R. App. P. 36(a) (providing that an appellate court need not grant relief when a party failed to take reasonably available action to prevent or nullify an error); *see State v. Little*, 854 S.W.2d 643, 651 (Tenn. Crim. App. 1992) (stating that a defendant's failure to object to the State's alleged misconduct during closing argument waives that issue). Therefore, this issue is waived for failing to make a contemporaneous objection.

Moreover, plain error review is not warranted in this case. Our supreme court formally adopted this court's *Adkisson* test for reviewing claims of plain error:

The Court of Criminal Appeals has developed five factors to consider when deciding whether an error constitutes "plain error" in the absence of an objection at trial: "(a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the accused did not waive the issue for tactical reasons; and (e) consideration of the error is 'necessary to do substantial justice.'"

*State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000) (quoting *State v. Adkisson*, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). To rise to the level of "plain error," an error "'must [have been] of such a great magnitude that it probably changed the outcome of the trial.'" *Adkisson*, 899 S.W.2d at 642 (quoting *United States v. Kerley*, 838 F.2d 932, 937 (7th Cir. 1988)). All five factors must be established by the record before a court will find plain error. *Smith*, 24 S.W.3d at 282. Complete consideration of all the factors is not necessary when clearly at least one of the factors cannot be established by the record.

Here, during her closing argument, the assistant district attorney general stated:

Ironically, on the video and through Officer Kroeger's testimony, you heard Mr. Crites at one point say J.J.[1] was driving. J.J. was driving the car. He didn't call J.J. to say that he was driving. He called Mr. Bennett, who was in orange, to say that he was driving. And you heard J.J. on the video say, I wasn't driving. Mr. Bennett was nowhere to be seen at the wreck. Never once in that video do you hear him tell Officer Kroeger, hey, my buddy Malcomb was driving.

Appellant contends that the prosecutor misstated the evidence presented at trial because in the video, appellant asks Mr. Sweeny to tell the police officers *who* was driving, not that Mr. Sweeny was driving. However, appellant has failed to include the relevant video or a transcript thereof in the appellate record. It is appellant's duty to ensure that the record on appeal contains all of the evidence necessary to determine the contested issues on appeal. *See* Tenn. R. App. P 24(b); *State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993). Without the video in the record, it is impossible for us to determine if the assistant district attorney general misstated the evidence therein. However, we note that Officer Kroeger testified that appellant may have said that Mr. Sweeny had been driving the car but that appellant did not mention Malcomb Bennett. This testimony supports the prosecutor's statements during closing argument. Due to the missing video and Officer Kroeger's testimony, appellant has failed to show that a clear and unequivocal law has been breached. Appellant has failed to establish plain error and is without relief as to this issue.

---

[1] Although it is not clear from the record, it appears that "J.J." refers to Mr. Sweeny.

B. Sufficiency of the Evidence

Appellant argues that the evidence was not sufficient to support his conviction because there was insufficient evidence to prove that he was in physical control of the car or that he drove the car.

The standard for appellate review of a claim challenging the sufficiency of the State's evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)); *see* Tenn. R. App. P. 13(e); *State v. Davis*, 354 S.W.3d 718, 729 (Tenn. 2011). To obtain relief on a claim of insufficient evidence, appellant must demonstrate that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319. This standard of review is identical whether the conviction is predicated on direct or circumstantial evidence, or a combination of both. *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011); *State v. Brown*, 551 S.W.2d 329, 331 (Tenn. 1977).

On appellate review, "'we afford the prosecution the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences which may be drawn therefrom.'" *Davis*, 354 S.W.3d at 729 (quoting *State v. Majors*, 318 S.W.3d 850, 857 (Tenn. 2010)); *State v. Williams*, 657 S.W.2d 405, 410 (Tenn. 1983); *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). In a jury trial, questions involving the credibility of witnesses and the weight and value to be given the evidence, as well as all factual disputes raised by the evidence, are resolved by the jury as trier of fact. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997); *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). This court presumes that the jury has afforded the State all reasonable inferences from the evidence and resolved all conflicts in the testimony in favor of the State; as such, we will not substitute our own inferences drawn from the evidence for those drawn by the jury, nor will we re-weigh or re-evaluate the evidence. *Dorantes*, 331 S.W.3d at 379; *Cabbage*, 571 S.W.2d at 835; *see State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984). Because a jury conviction removes the presumption of innocence that appellant enjoyed at trial and replaces it with one of guilt at the appellate level, the burden of proof shifts from the State to the convicted appellant, who must demonstrate to this court that the evidence is insufficient to support the jury's findings. *Davis*, 354 S.W.3d at 729 (citing *State v. Sisk*, 343 S.W.3d 60, 65 (Tenn. 2011)).

To support a conviction for DUI, the State must prove beyond a reasonable doubt that appellant drove or was in physical control of an automobile while under the "influence of any intoxicant . . . that impairs the driver's ability to safely operate a motor vehicle by depriving the driver of the clearness of mind and control of himself which he

would otherwise possess." Tenn. Code Ann. § 55-10-401(1). The General Assembly has set forth a statutory scheme in which each successive DUI has a greater punishment than the last. *See* Tenn. Code Ann. §§ 55-10-402 to -405.

Viewed in the light most favorable to the State, the evidence adduced at trial proved that Lieutenant Clausi saw appellant driving just fifteen minutes before the lieutenant responded to a single-vehicle accident. Lieutenant Clausi was unequivocal in his identification of appellant. Appellant was at the scene of that accident and admitted to Officer Kroeger that he had been behind the wheel of the vehicle attempting to extricate it from the ditch. By its verdict, the jury found Malcomb Bennett's testimony that he had been driving to be not credible, and this court is not in a position to re-weigh the jury's credibility determination. *Dorantes*, 331 S.W.3d at 379. We conclude that there was sufficient evidence to show that appellant drove or had physical control over the vehicle. Furthermore, there was evidence that appellant was "unsteady on his feet[,] . . . [had] slurred speech[,]" and "had a very strong odor of an alcoholic beverage emitting from his person." Appellant also failed two field sobriety tests. Finally, at the bifurcated bench trial, the State introduced a certified copy of appellant's prior DUI conviction. Therefore, there was sufficient evidence to support appellant's conviction.

## CONCLUSION

Based on the foregoing analysis, we affirm the judgment of the trial court.

_____
ROGER A. PAGE, JUDGE