IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
March 4, 2025 Session

**STATE OF TENNESSEE v. TONY BRASFIELD**

**Appeal from the Circuit Court for Madison County**
**No. 22-930   Joseph T. Howell, Judge**

_____

**No. W2024-00371-CCA-R3-CD**

_____

The Defendant, Tony Brasfield, was convicted by a Madison County Circuit Court jury of violating the rules of community supervision for life, a Class A misdemeanor; and violating the sexual offender registry for failing to register or report in person within 48 hours of establishing or changing a primary or secondary residence, a Class E felony. On appeal, the Defendant challenges the sufficiency of the evidence for his felony conviction of violating the sexual offender registry, arguing that a plain reading of the statute shows that the State failed to prove the essential elements of the offense. We agree with the Defendant. Accordingly, the Defendant's misdemeanor conviction for violating community supervision is affirmed, but we reverse and vacate his felony conviction for violating the sexual offender registry.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in part, Reversed and Vacated in part**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and MATTHEW J. WILSON, JJ., joined.

William W. Gill (on appeal), Assistant Public Defender, Appellate Division, Franklin, Tennessee, and Parker O. Dixon (at trial), Assistant Public Defender, Jackson, Tennessee, for the appellant, Tony Brasfield.

Jonathan Skrmetti, Attorney General and Reporter; G. Kirby May, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Michelle G. Pugh, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

# FACTS

In November 2000, the Defendant pled guilty to aggravated sexual battery, three counts of incest, and three counts of rape. As a result, he was subject to community supervision for life and was required to register and regularly report as a violent sexual offender pursuant to the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act ("Sexual Offender Registry Statute"). *See* Tenn. Code Ann. §§ 40-39-201 to 218. On November 28, 2022, the Madison County Grand Jury returned a two-count indictment that charged the Defendant with violating community supervision and with violating the sexual offender registry statute. Specifically, count two of the indictment charged that the Defendant:

> [On] or about March 9, 2019, in Madison County, Tennessee, and before the finding of this indictment, did unlawfully and knowingly fail to register or report in person within 48 hours of establishing or changing a primary or secondary residence, in violation of Tennessee Code Annotated § 40-39-203(a)(1), all of which is against the peace and dignity of the State of Tennessee.

At the Defendant's January 10, 2024 jury trial, the State presented a single witness: Tennessee Board of Correction Probation and Parole Officer Joe Rudolph, who testified that his job was to monitor offenders on the sexual offender registry. He identified the Defendant as a violent sexual offender whose rape and incest convictions placed him on the registry and said that the Defendant, as a violent sexual offender, was required to "register every three months" unless there were any changes in his information within those three months. If there were any changes, the Defendant was required to update the information on the registry.

Officer Rudolph testified that each time the Defendant registered, he signed the report to acknowledge that he was the one who had updated the registry information. He identified a certified copy of the Tennessee Bureau of Investigation's compilation of the Defendant's sexual offender registration records, which was admitted as a collective exhibit. Referring to that exhibit, he identified a copy of the rules for the sexual offender registry that the Defendant signed on October 19, 2018. He said "[t]he rule that [the Defendant] violated was the 40-39-203, which is the 48-hour rule of registering his whereabouts." He stated that, according to the rules, the Defendant was required to register in person.

- 2 -

Officer Rudolph testified that he learned that the Defendant had changed his primary address "[b]ased off [the Defendant's] GPS that [the Defendant] had[,]" which "placed [the Defendant] at Lawrenceburg, and . . . ended up placing him in Mississippi." He stated that the Defendant never reported a change of address to him.

Officer Rudolph agreed that the Defendant was "also subject to reporting pursuant to community supervision for life[.]" which was a different registry from the sexual offender registry. He then identified the community supervision for life certificate that the Defendant had signed, which was admitted as an exhibit. He said that the Defendant violated Rule Number 6 of the community supervision for life rules, which required him to obtain permission from his probation officer prior to leaving the county or the state. Officer Rudolph testified that he completed and filed a violation of parole report based on the Defendant's violations. He identified a copy of his parole violation report, which was later admitted as an exhibit after the State attempted to redact portions that the Defendant argued were prejudicial and irrelevant. Unredacted portions of the report state that the Defendant "[o]n or about 3/9/19" "changed his primary residence of Madison Co., when [he] left and went to Lawrenceburg, TN." However, as the Defendant notes, and the State agrees, the portions of the report that the State attempted to redact are still legible, with the following statements, among others, visible to the naked eye: "On or about 3/21/19, the offender committed the offense of Theft of Property (TCA 39-14-103) in Madison Co. This occurred when offender removed GPS equipment and it could not be recovered[,]" and "on 3/11/19, [the Defendant] also left the state of his residence and went to Mississippi."

On cross-examination, Officer Rudolph testified that to record a change in address for the purposes of the sexual offender registry, the Defendant had to personally appear at the office within 48 hours of his change in address. When asked what the Defendant changed his address to, he responded: "He changed his address when he left the state, when he left the county, because he was gone longer than 48 hours." He said the Defendant never formally changed his address. When then asked if the Defendant would not have been changing his address if he had returned within 48 hours, he replied, "No. He can't leave the state without permission, and then he can't - - his address must be changed within 48 hours." When pressed on whether the Defendant would need to report a change in his address if he returned within 48 hours, he responded that the Defendant had to have permission to leave, and that the Defendant's failure to obtain permission to leave constituted a violation. He agreed, however, that he was charging the Defendant with not reporting a change in address within 48 hours, "[n]ot just moving about" without permission. He stated that he did not know what the Defendant's new address was and did not conduct a home visit at the Defendant's previously registered Madison County address to check if the Defendant was still there. He testified that he wrote the violation of parole report on March 9, and that it was filed on March 21. He explained that the report "has to

go through a process" of sequential review up "the chain of command" before it was filed and that the Department of Probation and Parole did not have the power to arrest anyone.

On redirect examination, Officer Rudolph referred to the language in the sexual offender registration statute as he repeated that the Defendant was required to report a change in address within 48 hours of "establishing or changing a primary or secondary residence[.]" Officer Rudolph stated that, had the Defendant reported his change of address within 48 hours, he would have had a report of it. He testified that the Defendant "was found in Mississippi[,]" but he did not know what residence the Defendant had moved to or why the Defendant was in Mississippi.

The Defendant elected not to testify and rested his case without presenting any witnesses or other proof. Following deliberations, the jury convicted him of both counts as charged in the indictment. The trial court subsequently sentenced him to an effective term of six years in the Tennessee Department of Correction. This appeal followed.

## ANALYSIS

On appeal, the Defendant challenges the sufficiency of the evidence for his felony conviction of violating the sexual offender registry, arguing that, under the plain language of the statute, the State failed to show that he established a new primary residence in Tennessee or a new secondary residence in Tennessee or Mississippi. We agree with the Defendant.

When the sufficiency of the evidence is challenged on appeal, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also* Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); *State v. Evans*, 838 S.W.2d 185, 190-92 (Tenn. 1992); *State v. Anderson*, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992).

Therefore, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from it. *State v. Williams*, 657 S.W.2d 405, 410 (Tenn. 1983). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990).

"A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant

has the burden of demonstrating that the evidence is insufficient." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The guilt of a defendant, including any fact required to be proven, may be predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). The standard of review for the sufficiency of the evidence is the same whether the conviction is based on direct or circumstantial evidence or a combination of the two. *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011).

The Defendant's felony conviction was based on his having "fail[ed] to register or report in person within 48 hours of establishing or changing a primary or secondary residence, in violation of Tennessee Code Annotated section 40-39-203(a)(1)." The pertinent portion of the sexual offender registry statute provides as follows:

> *Within forty-eight (48) hours of establishing or changing a primary or secondary residence*, establishing a physical presence at a particular location, becoming employed or practicing a vocation or becoming a student in this state, *the offender shall register or report in person, as required by this part.* Likewise, within forty-eight (48) hours of release on probation or any alternative to incarceration, excluding parole, the offender shall register or report in person, as required by this part.

Tenn. Code Ann. § 40-39-203(a)(1) (emphasis added).

"Primary residence" is defined in the statute as "a place where the person abides, lodges, resides or establishes any other living accommodations in this state for five (5) consecutive days." *Id.* § 40-39-202 (12). "Secondary residence" is defined as a place

> *where the person abides, lodges, resides or establishes any other living accommodations in this state for a period of fourteen (14) or more days in the aggregate during any calendar year and that is not the person's primary residence;* for a person whose primary residence is not in this state, a place where the person is employed, practices a vocation or is enrolled as a student for a period of fourteen (14) or more days in the aggregate during any calendar year; or *a place where the person routinely abides, lodges or resides for a period of four (4) or more consecutive or nonconsecutive days in any month and that is not the person's primary residence, including any out-of-state address[.]*

*Id.* § 40-39-202 (18) (emphasis added).

"The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *State v. Curry*, 705 S.W.3d 176, 184 (Tenn. 2025) (internal quotations and citations omitted). We give the words in the statute their natural and ordinary meaning in light of their statutory context and avoid any "forced or subtle construction that would limit or extend the meaning of the language." *Keen v. State*, 398 S.W.3d 594, 610 (Tenn. 2012) (internal quotations and citations omitted). "If the statutory language is clear and unambiguous, we apply the statute's plain language in its normal and accepted use." *Id.*

The Defendant asserts that, to the extent that the State sought to convict him for failing to register or report that he had moved to a different state, it was required to indict him for violating sections 40-39-203(a)(3) and 40-39-208(a)(9) of the statute, which specifically address that course of conduct[1], but that the evidence at trial was insufficient to sustain a conviction for the offense for which he was indicted. Specifically, he argues that the proof failed to show that he changed his primary residence in Tennessee or established a secondary residence in either Tennessee or Mississippi. In support, he points out that neither Officer Rudoph's testimony nor the ineffectively redacted text of Officer Rudolph's parole violation report established that the Defendant resided for five consecutive days at a place in Tennessee other than his primary residence, resided for fourteen or more days within a calendar year at a place in Tennessee other than his primary residence, or routinely resided for four consecutive or nonconsecutive days within a single month in either Tennessee or Mississippi.

We agree with the Defendant. Officer Rudolph offered nothing but vague testimony about the Defendant's movements, testifying that he learned from the GPS data that the Defendant went to Lawrenceburg and then to Mississippi, and that the Defendant was found in Mississippi. He further testified that he did not know where the Defendant was in Mississippi or why he had gone to that state. The parole violation report, including the ineffectively redacted portions, add the information that the Defendant left Madison County on March 9 and went to Lawrenceburg, left Lawrenceburg on March 11 and went to Mississippi, and on March 21 committed theft of property in Madison County by removing his GPS device.

---

[1] The sexual offender registry statute provides that an offender who is registered in this State who intends to move to another state must within forty-eight hours of either moving to another state or "becoming reasonably certain of the intention to move to another state, register or report to the offender's designated law enforcement agency the address at which the offender will reside in the new jurisdiction." Tenn. Code Ann. § 40-39-203(a)(3). It further provides that "[f]ailure to timely report to the offender's designated law enforcement agency when the offender moves to another state" constitutes a violation. Tenn. Code Ann. § 40-39-208(9).

The State asserts that "the State proved that the [D]efendant left his primary residence in Madison County and never returned[,]" not only failing to report any of his movements but also removing his GPS device, which evidenced "his refusal to comply with his sex offender registry requirements and, more specifically, his reporting obligation." The State argues that "[f]rom these circumstances, a reasonable jury could conclude that the [D]efendant intended to abandon and no longer reside at his primary residence in Madison County after March 9, 2019, and thus, without timely reporting it, either established or changed his primary residence to one in Lawrence County or established a secondary residence in Mississippi."

The State, however, did not introduce any GPS data at trial to show the Defendant's precise movements while he wore the GPS monitor or how much time he spent at an address in Tennessee other than his registered Madison County address or how long he spent in Mississippi. The only proof submitted by the State regarding moving to another address in Tennessee was testimony from Officer Rudolph that the Defendant was in Lawrenceburg for two days. Since the definition of primary residence requires that the Defendant reside for at least five days at the in-state address, the State failed to establish that the Defendant violated Tennessee Code Annotated section 40-39-203(a)(1). The evidence at trial was similarly insufficient to show that the Defendant violated Tennessee Code Annotated section 40-39-203(a)(1) by establishing a secondary residence in Tennessee or in Mississippi. There was no proof that the Defendant resided for 14 or more days in the aggregate during any calendar year at a residence in Tennessee that was not his primary residence, or that he routinely resided for 4 or more consecutive or nonconsecutive days at a residence in Mississippi that was not his primary residence. As the State admitted at oral argument, the Defendant could have also been indicted for violations of sections 40-39-203(a)(3) and 208(a)(9), but the State chose not to charge or submit these alternative theories to the jury. Since the indictment only alleged a violation of section 40-39-203(a)(1), we must reverse and vacate the Defendant's conviction in count two.

`

## CONCLUSION

We agree with the Defendant that the evidence was insufficient to sustain his felony conviction of violating the sexual offender registry. Accordingly, we affirm the Defendant's misdemeanor conviction for violating community supervision for life but reverse and vacate his felony conviction for violating the sexual offender registry.

s/ JOHN W. CAMPBELL
JOHN W. CAMPBELL, SR., JUDGE

- 7 -