IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 8, 2014

**STATE OF TENNESSEE v. BRIAN GAULDIN**

**Appeal from the Circuit Court for Dyer County**
**No. 11-CR-167    Lee Moore, Judge**

_____

**No.   W2013-02226-CCA-R3-CD  - Filed August 22, 2014**

_____

Appellant, Brian Gauldin, was indicted by the Dyer County Grand Jury for two counts of the sale of .5 grams or less of cocaine in a drug free zone, one count of the sale of a schedule III controlled substance in a drug free zone, and one count of the sale of .5 grams of more of cocaine in a drug free zone. Prior to trial, the State chose to nolle prosequi one count of the sale of .5 grams or less of cocaine in a drug free zone and one count of the sale of a schedule III controlled substance in a drug free zone.  After a jury trial, Appellant was found guilty of one count of the sale of .5 grams or more of cocaine in a drug free zone and one count of the sale of .5 grams or less of cocaine in a drug free zone.  Appellant was sentenced to an effective sentence of twenty years as a Range IV, Persistent Offender.  Appellant appeals, arguing that the evidence was insufficient to support the convictions.  After a review of the record and applicable authorities, we determine that the evidence was sufficient to support the convictions.  Consequently, the judgments of the trial court are affirmed.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Noel J. Riley, III, Dyersburg, Tennessee for the appellant, Brian Gauldin.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; C. Phillip Bivens, District Attorney General; Lance Webb, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

In December of 2010, Officer Mason McDowell of the Dyersburg Police Department was in the midst of a year-long assignment the primary objective of which was facilitating undercover "controlled buys" of drugs. Officer McDowell was working with William Bryant Singleteary, also known as "Polo." Mr. Singleteary was a confidential informant who had participated in "excess of fifty" controlled buys.

On December 21, 2010, Mr. Singleteary met with Officer McDowell at a location on the north side of town. Another officer searched Mr. Singleteary's person and vehicle and both were equipped with audio and visual recording and transmitting equipment. Mr. Singleteary was given $70 for the buy. He was instructed to go to an area in which there were "drug problems" and attempt to execute a "street level buy." Officers observed Mr. Singleteary approaching two individuals on the street. One of those individuals was identified by Mr. Singleteary during trial as Appellant. Mr. Singleteary commented that Appellant was with a girl during this transaction. Once Mr. Singleteary completed the buy, he met with officers at a prearranged location. The officers retrieved what appeared to be rocks of crack cocaine from Mr. Singleteary and placed them in an evidence bag, which was signed and dated by Mr. Singleteary. Mr. Singleteary then returned the money that remained from the transaction to the officers.

The same process was followed on December 22. Mr. Singleteary saw Appellant approximately one block away from where the first transaction occurred. This time, Appellant was by himself. Once Mr. Singleteary made a purchase, he again met with officers at a prearranged location where the evidence was secured and marked.

Both of the drug transactions occurred near Scott Street Park, an area in Dyersburg designated by a street sign as a park with a "bar-be-cue grill and a covered [awning] . . . [and] a swing set." The first buy took place at a vacant blue house at 124 South Rawles Avenue midway between Scott Street and Finley Street. The second buy occurred at 708 Scott Street. According to officers, the drug transactions took place 553 feet and 660 feet from the Scott Street Park, respectively. The IT manager for the city of Dyersburg calculated the distance on the first buy at 495 feet and 670 feet, respectively. The substances purchased during the transactions were tested and found to be .55 grams of cocaine and .39 grams of cocaine.

As a result of the drug transactions, Appellant was indicted by the Dyer County Grand Jury for two counts of the sale of .5 grams or less of cocaine in a drug free zone, one count of the sale of a schedule III controlled substance in a drug free zone, and one count of the sale of .5 grams of more of cocaine in a drug free zone. Prior to trial, the State chose to nolle prosequi one count of the sale of .5 grams or less of cocaine in a drug free zone and one

count of the sale of a schedule III controlled substance in a drug free zone, leaving one count of the sale of .5 grams or less of cocaine in a drug free zone and one count of the sale of .5 grams or more of cocaine in a drug free zone remaining.

After a jury trial, Appellant was found guilty of the remaining counts of the indictment and sentenced to an effective sentence of twenty years.

*Analysis*

On appeal, Appellant argues that there "are too many contradictions in the evidence to be sufficient to convict him on the two (2) counts as charged." Specifically, he contends that his convictions were based on "conjecture, guess, speculation, and the possibility as to who the individual was, the weight of the cocaine, and where exactly the alleged sales took place." In other words, Appellant insists that his identity was not proven, the evidence was potentially mishandled, and the location of the alleged transactions was not proven. The State disagrees.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, once rendered by a jury and approved by the trial judge, serves to accredit the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994) (citing *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992)). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331

S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

Appellant was charged with the sale of cocaine in a drug-free zone. It is unlawful to sell a controlled substance. T.C.A. § 39-17-417(a)(3). Additionally, selling cocaine within 1,000 feet of a park increases the punishment by one classification. T.C.A. § 39-17-432(b)(1).

Viewing the evidence in a light most favorable to the State, the proof shows that Dyersburg police utilized a confidential informant, Mr. Singleteary, on two occasions, to purchase drugs. Mr. Singleteary and his car were searched, he was provided with money for the transaction, and he was outfitted with audio and visual recording devices. On both occasions, Mr. Singleteary bought cocaine from Appellant, spending $60 each time. Mr. Singleteary identified Appellant as the seller of the drugs on both occasions. The substances were tested and found to be .55 grams and .39 grams, respectively. Additionally, the transactions took place within 1,000 feet of Scott Street Park, a park for the purposes of T.C.A. § 39-17-432(b)(1). As previously noted, the credibility and weight given to a witnesses's testimony are issues resolved by the jury as the trier of fact. *See Bland*, 958 S.W.2d at 659. The jury, as was their prerogative, chose to accredit the testimony of the officers, and we will not second-guess the factual determinations of the jury. Accordingly, Appellant is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed

_____
JERRY L. SMITH, JUDGE

-4-