IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 10, 2015 Session

**STATE OF TENNESSEE v. DEREK C. MILLER**

**Appeal from the Circuit Court for Perry County**
**No. 2013-CR-14      James G. Martin, III, Judge**

_____

**No. M2014-01169-CCA-R3-CD – Filed April 14, 2015**

_____

Defendant, Derek C. Miller, appeals his conviction for attempted tampering with evidence. He argues that the trial court wrongly denied his motion for judgment of acquittal as to the charged offense of tampering with evidence because the evidence adduced by the State was insufficient to support this charge. According to Defendant, had the trial court not erred in denying his motion, the trial court would have been precluded from charging the jury with the lesser-included crime of attempt, of which Defendant was ultimately convicted. After careful review of the parties' briefs, the record, and the applicable law, we conclude that Defendant is not entitled to relief. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Michael J. Flanagan, Nashville, Tennessee, for the appellant, Derek C. Miller.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Kim R. Helper, District Attorney General; and Jennifer Mason, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

_Factual and Procedural Background_

On February 25, 2013, the Perry County Grand Jury indicted Defendant for the following seven criminal offenses: (1) driving under the influence ("DUI"), (2) DUI third

offense, (3) tampering with or fabricating evidence, (4) possession of a Schedule VI drug, (5) violation of the seatbelt law, (6) failure to provide notice of change of address, and (7) failure to use turn signals. After pleading not guilty to all charged offenses, Defendant proceeded to a jury trial on February 7, 2014. After the State's case-in-chief, the trial court dismissed the alleged seatbelt, change of address, and turn signal violations for lack of evidence. The jury convicted Defendant of DUI, attempted tampering with evidence, and simple possession. Defendant waived his right to a jury trial on Count Two, and the trial court found Defendant guilty of DUI third offense.

A sentencing hearing was held on April 2, 2014. The trial court merged the DUI conviction into the DUI third offense conviction. Defendant was sentenced to eleven months and twenty-nine days on probation after 120 days in the county jail for both the DUI third offense and the simple possession convictions. Defendant also lost his driver's license for six years. For the attempted tampering with evidence conviction, Defendant was sentenced as a standard offender to three years in the custody of the Tennessee Department of Correction to be served on probation after twelve months. All sentences are to be served concurrently.

The trial court denied Defendant's motion for new trial, and Defendant filed a timely notice of appeal. His appeal only involves the conviction for attempted tampering with evidence.

During the State's case-in-chief, Trooper James Watkins testified that he has approximately eighteen years of experience with the Tennessee Highway Patrol, including seventeen years of road service, six months of training at the cadet academy, and additional field training. He has received IPTM[1] standardized field sobriety test training with yearly legal updates and refresher courses on DUI laws. Trooper Watkins also received advanced roadside impaired driver enforcement training in 2010 with yearly refresher courses. During his experience as a state trooper, he has evaluated individuals suspected to be driving under the influence and has "come across" marijuana.

On April 6, 2012, Trooper Watkins was on duty in Perry County. While westbound on U.S. Highway 412 and waiting at the stoplight on Mill Street, Trooper Watkins observed a white Pontiac Sunfire make a left turn onto U.S. Highway 412 from Mill Street. He witnessed the Sunfire "run off the road completely with the center of the white line running down with the vehicle [sic] right in the center of the vehicle approximately twice." The white line that the Sunfire crossed was the one on the right side of the vehicle. Trooper Watkins activated his blue lights and initiated a traffic stop of the Sunfire. The vehicle eventually stopped at an old car lot on Hill Street, but

_____

[1] The meaning of this acronym is not contained within the trial transcript.

Trooper Watkins did not see the vehicle illuminate its turn signal when turning onto Hill Street from U.S. Highway 412.

Trooper Watkins approached the vehicle and asked the driver, Defendant, for his driver's license. Defendant "fumbled excessively getting it out," which took a few minutes. Trooper Watkins "could see immediately that [Defendant's] eyes were pinpointed or fixed, constricted." Defendant's speech was "slow and slurred." Trooper Watkins asked Defendant to step out of his vehicle and began administering various field sobriety tasks. Defendant performed poorly on these tasks.

During the field sobriety tasks, the Sunfire began making a noise. Trooper Watkins permitted Defendant to return to the vehicle to attend to the noise. Defendant retrieved a white Unisom bottle from the vehicle, put something in his hand from the bottle, and then dropped the bottle back in the vehicle between the driver's side door and seat. Trooper Watkins could not identify what Defendant had in his hand. Trooper Watkins then observed as Defendant "dropped a substance on the ground, and then he rubbed his heel across the substance." When Trooper Watkins asked Defendant about this occurrence, Defendant responded, "I don't know what you're talking about." Trooper Watkins later retrieved the white Unisom bottle from the vehicle, which contained marijuana residue. Trooper Watkins also collected the substance that Defendant dropped on the ground, which appeared to be marijuana. After concluding his investigation, Trooper Watkins arrested Defendant for DUI.

On cross-examination, Trooper Watkins further explained:

[Defendant] reaches down inside the car, pulls out a bottle, which I couldn't tell what type of bottle it was, palms something, walks back up there to me. As he's walking back up there, he drops what I later know to be marijuana, rubs his foot across it, walks up to me. I asked him, "Hey, what's that?"

Trooper Watkins opined that Defendant did not know he was being watched as he retrieved the marijuana from the bottle. However, Trooper Watkins admitted that Defendant was looking at him as Defendant walked toward him, dropped the marijuana, and rubbed his heel across it. On redirect examination, Trooper Watkins commented on why he believed Defendant dropped the packet in front of him: "[Defendant] was impaired and wasn't watching me. He could barely concentrate on standing up."

Trooper Watkins identified a "pink packet" as what Defendant dropped on the ground, which contained marijuana. Trooper Watkins did not collect loose marijuana from the ground. The pink packet did not appear to have been opened until Trooper Watkins conducted a field test on its contents. The packet had "holes where it rubbed

against the pavement." Trooper Watkins stated, "If you flip it over on the side here, you can see little marks where it was rubbed against the pavement." In Trooper Watkins's opinion, "[The pink packet] was concealed. It was dropped out there where if I hadn't been looking, I wouldn't have noticed it."

The trial court denied Defendant's motion for judgment of acquittal as to the charged offense of tampering with evidence and also instructed the jury on the lesser-included offense of attempted tampering with evidence. Defendant objected to this instruction, arguing that there was insufficient evidence of the charged offense, and therefore, the jury should not be instructed on either the charged offense or the lesser-included offense of attempt.

*Analysis*

Defendant raises a single issue on appeal: "whether the trial court erred in denying the motion [for judgment] of acquittal on count three, tampering with evidence." Defendant contends that there was insufficient evidence to support the charged offense of tampering with evidence and thus the trial court should have dismissed this charge. It is Defendant's position that such a determination would have foreclosed the possibility of a jury instruction on the lesser-included offense of attempt, of which Defendant was ultimately convicted. The State argues that the trial court properly denied the motion for judgment of acquittal because there was sufficient evidence to support its instruction to the jury. The State further argues that it is immaterial whether there was sufficient evidence to support the charged offense of tampering with evidence because, even if there was not, the trial court properly instructed the jury on the lesser-included offense of attempt.

Pursuant to Tennessee Code Annotated section 39-16-503(a): "It is unlawful for any person, knowing that an investigation or official proceeding is pending or in progress, to: (1) alter, destroy, or conceal any record, document or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding . . . ." *See also State v. Majors*, 318 S.W.3d 850, 858 (Tenn. 2010) (identifying three elements of this crime). In *State v. Hawkins*, the Supreme Court of Tennessee explained:

In *State v. Majors*, we defined the verb "alter" as "to make different without changing into something else." To "destroy" a thing, we said, means to ruin its "evidentiary value." Finally, we defined "conceal" as "to prevent disclosure or recognition of" a thing or "to place [a thing] out of sight."

-4-

406 S.W.3d 121, 132 (Tenn. 2013) (alteration in original) (citations omitted).  Tennessee Code Annotated section 39-12-101 provides:

> (a) A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense:
>
> (1) Intentionally engages in action or causes a result that would constitute an offense, if the circumstances surrounding the conduct were as the person believes them to be;
>
> (2) Acts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or
>
> (3) Acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

Tennessee Rule of Criminal Procedure 29(b) authorizes a trial court to enter a judgment of acquittal "of one or more offenses charged . . . after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses."  "The standard by which the trial court determines a motion for a judgment of acquittal is, in essence, the same standard that applies on appeal in determining the sufficiency of the evidence after a conviction."  *State v. Little*, 402 S.W.3d 202, 211 (Tenn. 2013).  Because "[a] trial court's determination of a motion for a judgment of acquittal raises a question of law," appellate court review is de novo in accordance with well-settled principles.  *Id.*  The relevant question for sufficiency of the evidence is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt.  *See* Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  On appeal, "the State is entitled to the strongest legitimate view of the evidence and to all reasonable and legitimate inferences that may be drawn therefrom."  *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003).  As such, a reviewing court is precluded from re-weighing or reconsidering the evidence when evaluating the proof.  *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).  Moreover, an appellate court may not substitute its own "inferences for those drawn by the trier of fact from circumstantial evidence."  *Matthews*, 805 S.W.2d at 779.  Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts.  *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990).  "The standard of

review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

Defendant's argument is premised on the assumption that, had the trial court found insufficient evidence to support the charge of tampering with evidence, the charge would have been dismissed and the trial court would have been precluded from instructing the jury on the lesser-included offense of criminal attempt. That is not the law. "A judgment of acquittal is not an all or nothing proposition. A court may grant a judgment of acquittal as to the higher charge and proceed on a lesser-included offense." *Finch v. State*, 226 S.W.3d 307, 318 (Tenn. 2007). Therefore, we need not consider whether the evidence presented during the State's case-in-chief was sufficient to justify the trial court's denial of the motion for judgment of acquittal as to the tampering with evidence charge because, even had the trial court granted the motion as to the charged offense, that would not have precluded the trial court from letting the jury consider the lesser-included offense of criminal attempt. Defendant did not argue to the trial court that the evidence was insufficient as to attempted tampering with evidence, and he does not so argue to this Court. The jury was properly permitted to consider Defendant's guilt of attempted tampering with evidence. Defendant is not entitled to relief from his conviction for this offense.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE